Kramer, Appellant, v. Philadelphia.

Argued December 1, 1966. Before Bell, C. J., Musmanno, Jones, Eagen, O'Brien and Roberts, JJ.

*Edwin E. Naythons*, with him *Freedman, Borowsky and Lorry*, for appellants.

*Matthew W. Bullock, Jr.*, Second Deputy City Solicitor, with him *Alfeo Libetti* and *Jerome R. Richter*, Assistant City Solicitors, and *Edward G. Bauer, Jr.*, City Solicitor, for City of Philadelphia, appellee.

Opinion by Mr. Justice O'Brien, May 24, 1967:

On December 11, 1964, appellants filed an action of trespass against appellee, the City of Philadelphia. Appellee pleaded to the complaint, and joined Sidney Kramer as an additional defendant. There was an exchange of written interrogatories and, on February 9, 1965, appellants filed a motion for the production of certain documents in the hands of appellee.

The parties then entered into a stipulation requiring appellee's counsel to produce and authorize the inspection of all of the documents listed in the motion to produce, within sixty days of the stipulation. The stipulation further provided: "Upon failure thereof, judgment for the plaintiff with assessment of damages

at trial." The stipulation was dated March 16, 1965, was signed by the judge of the Court of Common Pleas and entered of record.

On May 21, 1965, some 5 days after the time for production of documents had elapsed, counsel for appellants wrote to counsel for appellee as follows: "You may recall that on 3/16/65 an Order was entered in the above matter which, to date, has not been complied with. This letter will therefore advise you that we are allowing 7 additional days for compliance. Failing to hear from you, we shall take the necessary actions." The 7 additional days granted in the letter of May 21 passed without any action by the City. Counsel for appellants permitted some 5 more days to pass before he caused a default judgment to be entered against the City on June 2, 1965, for failure to comply with the order of court of March 16, 1965.

Five more days elapsed after the entry of the default judgment, and on June 7, 1965, counsel for the City forwarded to counsel for appellants two of the documents which were requested in the motion to produce. In a covering letter, counsel for the City indicated that certain other records requested in the motion to produce were not available. The City took no action to open the default judgment which had been entered against it on June 2nd.

On November 11, 1965, counsel for appellants again wrote to counsel for the City as follows: "As you may be aware, there is a default judgment against the city in the above captioned matter for failure to comply with the Order of the Court.

"According to the existing regulations, this letter will constitute sufficient notice of our intention to move for assessment of damages in Room 380, City Hall, on Friday, December 17, 1965, at 10:00 o'clock A.M. We shall keep you advised if there is any further information.

"If you feel that amicable discussions towards the resolution of this matter can be successful, we are, of course, always prepared to discuss the matter.

"Please be good enough to acknowledge receipt of this letter." The City neither responded to this letter nor moved for the opening of the default judgment which had been entered on June 2nd. Counsel for appellants then sent by certified mail, received by the City on December 13, 1965, another notification, informing the City that assessment of damages would take place on December 17th at 10:00 A.M. It was not until December 15, 1965, 2 days before the time fixed for the assessment of damages, and more than 6 months after the entry of the default judgment, that the City filed a petition to open the judgment by default. An answer to the petition was filed, and on January 11, 1966, the court below made absolute its rule to show cause why judgment should not be opened. This appeal followed.

The court below relied principally upon our statement in *Wheel v. Park Bldg.,* 412 Pa. 545, 195 A. 2d 359 (1963), that: ". . . relief will be given to one against whom a default judgment has been taken where a petition is promptly filed, the default reasonably explained, and a defense shown to exist on the merits." We do not agree that appellee has met the criteria enumerated in *Wheel,* and in many prior and subsequent cases. We are mindful of the principle that a petition to open judgment is an appeal to the equitable side of the court, and the petition must establish equitable considerations which convince the court that justice would best be served by opening the judgment. *McDonald v. Allen,* 416 Pa. 397, 206 A. 2d 395 (1965). We are further mindful of the well established principle that an order opening a judgment entered by default will be reversed on appeal only where there has been a clear, manifest abuse of discretion. *Good v. Sworob,*

420 Pa. 435, 218 A. 2d 240 (1966). We conclude that equitable considerations do not compel an opening of this judgment, and that the court below abused its discretion when it ordered the judgment opened.

*Wheel* requires that a petition be promptly filed. In the instant case, a period of nearly 6½ months elapsed between the entry of judgment and the filing of the petition to open. Such a passage of time indicates to us that the City did not act with sufficient promptness. There is nothing in the record or in the actions of counsel to indicate that the City was in any way prevented from filing its petition, or in any way lulled into a posture of inaction. It should be noted that the City did not furnish the materials which it did furnish until after the default judgment had been entered and until it had been put on notice by appellants that such action was about to take place. We cannot help commenting that the only excuse offered is that during the period May 24, 1965, to June 4, 1965, counsel for the City attempted to contact counsel for appellants by telephone, to inform him of the records in his possession and that others were not available. These attempted telephone contacts set out in the petition to open did not even begin until after the time had elapsed for furnishing the documents, and after the City had been notified by letter of the default.

If, as contended by the City, it was engaged in a diligent, though futile, search for the requested documents during the sixty day period allowed by the court order, it could, and should, have communicated its problem to opposing counsel and sought an extension of time, or, failing that, applied to the court for a modification of the order.

Moreover, the City's bald assertion in its petition that it has a valid action over against the additional defendant does not meet the requirement of showing that a defense exists on the merits.

Counsel for appellants, in the finest traditions of professional conduct, gave every courtesy to the City. Canon 25, of the Canons of Professional Ethics, requires that "A lawyer should not ignore known customs or practice of the Bar or of a particular Court, even when the law permits, without giving timely notice to the opposing counsel." Such timely notice was given to and ignored by the City. As stated in *Good v. Sworob,* supra, a case wherein we affirmed the opening of a judgment: " 'Considering all of the facts it appears that defendant was lulled into a false sense of security and plaintiff cannot be permitted to retain his default judgment obtained in this fashion. One further step would not have been unreasonable, i.e., notice of intention to act by a certain date.' " Unlike *Good,* such notice was given in the instant case and ignored. In fact, additional time was given beyond the time contained in the notice before the default judgment was entered.

Nor do we find any basis for distinguishing this case, where judgment was entered for want of compliance with an order of court, from those in which a default judgment is entered for want of an answer or appearance. The same considerations are applicable whether the default arises under the Rules of Civil Procedure or as the result of flagrant disregard of an order of court.

The City's conduct in this matter does not recommend a finding that equitable considerations require an opening of the default judgment.

The order of the court below is reversed, and the case remanded for further proceedings consistent herewith.

Mr. Justice COHEN took no part in the consideration or decision of this case.