## Bradshaw v. Krut

*Thomas C. Mannix*, for plaintiff.

*John F. Heath*, for defendant.

ROWLEY, J., July 15, 1968.—Defendant has presented a petition to open a judgment entered against him by confession.

Defendant purchased a drilling machine from plaintiff for $1,200. He paid $300 in cash and gave plaintiff a judgment note for the balance of the purchase price. The judgment is entered on that note. At the same time, the parties executed a security agreement whereby defendant gave plaintiff a security interest in the drilling machine.

In his petition, defendant averred that certain express and implied warranties were breached. Plaintiff filed an answer to defendant's petition and depositions were taken by the parties. After the matter was placed on the argument list, defendant filed a petition to amend his original petition by adding as an alternative defense the allegation that the transaction was a "sale on approval". A rule was issued to show cause why the amendment should not be allowed. No answer to that rule was ever filed by plaintiff. No order was ever made making the rule absolute or allowing the amendment. However, both parties, in their briefs and argument, have treated the matter as though the amendment was properly before the court.

One in the position of defendant, who requests the court to open a judgment confessed against him, must act promptly and aver a meritorious defense: Wenger

v. Ziegler, 424 Pa. 268 (1967). Such a request constitutes an appeal to the equitable side of the court and it is necessary that petitioner establish equitable considerations which convince the court that justice would best be served by opening the judgment: Carrier v. William Penn Broadcasting Co., 426 Pa. 427 (1967); Kramer v. Philadelphia, 425 Pa. 472 (1967).

In this case, plaintiff does not question the promptness of defendant's action.

We are of the opinion that the averment that the transaction between the parties constituted a "sale on approval" cannot be sustained. Under such a sale, title to the goods does not pass to the buyer until he has accepted them, unless the parties have otherwise agreed: Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-327, 12A PS §2-327. By the terms of the security agreement entered into by the parties, defendant warranted that he was the owner of the drilling machine. Such a warranty is inconsistent with a sale on approval. The depositions of the parties do not disclose any contrary agreement. In fact, defendant testified that the only condition connected with the sale was the security agreement and that it was his understanding that agreement gave plaintiff the right to the machine in case he, defendant, failed to pay the note. As we read defendant's depositions, his position basically is that the most he could lose was $300, the down payment, because, if he failed to pay the balance for any reason, plaintiff would take back the machine under the security agreement. This, however, does not constitute a "sale on approval" under the provisions of the Uniform Commercial Code.

On the other hand, we are of the opinion that defendant's alternative allegation, that plaintiff had breached certain warranties made during the sale which justified him in rescinding the transaction, is, if believed, a meritorious defense. Plaintiff con-

tends that the facts do not give rise to any implied warranties. However, as we understand defendant's position, it is that plaintiff made certain "express warranties" at the time of the sale, which were breached. An express warranty may be created by a seller by any affirmation of fact which relates to the goods and is a part of the basis of the bargain: Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-313, 12A PS §2-313. In the comment to section 2-313 of the code, the authors state: "The present section deals with affirmations of fact by the seller, description of the goods or exhibitions of samples, exactly as any other part of a negotiation which ends in a contract is dealt with. No specific intention to make a warranty is necessary if any of these factors is made a basis of the bargain. In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement. Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof. The issue normally is one of fact".

According to the depositions and the pleadings, plaintiff affirmed that the machine was ready for immediate use and that it was in good shape. He also stated that the mast, though bent, would not hurt it. According to defendant's testimony, however, the machine was in deplorable condition, was worth nothing more than junk and was not ready for immediate use. He also testified that the condition of the mast interfered with the proper use of the machine. Such a situation, if accepted as fact, constitutes a meritorious defense to plaintiff's claim for the balance of the purchase price. We are of the opinion that justice can best be served by opening the judgment and permit-

ting defendant to present his defense before a board of arbitrators.

## ORDER

Now, July 15, 1968, it is ordered and directed that the rule to show cause why the judgment should not be opened is hereby made absolute. It is further ordered that the judgment entered against defendant be, and the same is, hereby opened.