### Triolo, Appellant, *v.* Philadelphia Coca Cola Bottling Co.

Argued April 22, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

rear-gument refused November 12, 1970.

*David Gold,* for appellant.

*Martin J. Corr,* with him *Liebert, Harvey, Herting, Short & Lavin,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

On August 8, 1967, a soda pop bottle allegedly exploded in appellant's grocery store, causing appellant the loss of his right eye. Suit was instituted against appellee, Philadelphia Coca Cola Bottling Company, on November 8, 1968. On February 14, 1969, appellant filed interrogatories[1] on appellee, the interrogatories noting that an answer was required to be filed within twenty days. See Pa. R. C. P. 4006. On April 11, 1969, appellant, not having yet received appellee's answers, wrote a letter to counsel for appellee requesting the answers and advising appellee that a motion for

---

[1] The interrogatories were as follows: "1. State the name and address of the truck driver who last made a delivery of Coca-Cola to Triolo Brothers at 1604 Morris Street before August 7, 1967. (a) State the date said delivery was made. (b) State the number of cases of Coca-cola that were delivered on said day. 2. Did the driver named in the answer to interrogatory No. 1 make the delivery alone or did he have help? (a) If he had help, please give the name, address and job designation of the helper of said driver above named. 3. State the exact place the Coca-Cola was delivered on the date given in answer to interrogatory No. 2. 4. State if your driver and/or helper delivered the Coca-Cola into the store of Triolo Brothers or warehouse of Triolo Brothers or if this was a curb delivery and said Coca-Cola was then handled by an employee of Triolo Brothers."

sanctions would be filed if the answers were not submitted by April 18. No answers were received and appellant filed his motion on April 24.

On May 20 the court, per Judge BARBIERI, ordered appellee to file answers within thirty days. The order further provided that if the answers were not filed within that time, appellant could, by filing a praecipe, enter judgment against appellant. On June 16, four days before the answers were due, counsel for appellant and appellee engaged in a telephone conversation in which, among other things, appellant again requested the answers. Counsel for appellee stated that the interrogatories were out to the client for answer. No answers were filed on the June 20 deadline.

On June 27 counsel for appellant again wrote counsel for appellee requesting the answers. On July 8 counsel for appellant attempted to contact counsel for appellee by telephone; the latter never returned the call. On July 10—twenty days after the due date specified in Judge BARBIERI's order, and almost four months after the date the answers were originally due—appellant entered judgment against appellee.

On August 1 appellee filed a petition to open the judgment, alleging basically, that it had been confused by counsel for appellant and believed that counsel was not serious about enforcing Judge BARBIERI's order.[2]

---

[2] Specifically appellee alleged: "In various conversations both before and after May 20, 1969, between counsel for the parties, counsel for your petitioner was led to believe that the motion for sanctions had been filed because plaintiff's counsel was filing two other motions for sanctions (in other cases) against the firm representing defendant and that as a matter of convenience the motion in question was filed at the same time, that the answers to the interrogatories were of no great importance to plaintiff, and that no action adverse to the interests of defendant would be taken without counsel for defendant having adequate warning thereof." Appellee made no allegation that the answers were not forthcoming because of the nature of the questions asked, or because of any difficulty in securing the answers.

Additionally, appellee alleged that it had "a valid defense" to appellant's claim. The court granted the petition to open. This appeal followed and we reverse.

It is well settled that a petition to open a judgment is an appeal to the court's discretion, and that this discretion may properly be exercised to grant such a petition if: 1) the petition is promptly filed; 2) a defense is shown to exist on the merits; and 3) the default is reasonably explained or excused. *Fox v. Mellon*, 438 Pa. 364, 264 A. 2d 623 (1970) (citing cases); *Kramer v. Philadelphia*, 425 Pa. 472, 229 A. 2d 875 (1967); *Wheel v. Park Building*, 412 Pa. 545, 195 A. 2d 359 (1963) (citing cases).

We do not believe that the default in the instant case was "reasonably explained."[3] Judge BARBIERI'S order, and appellant's several requests, clearly indicated appellant's desire for answers to the interrogatories. This is not a case where appellant lulled appellee into a false sense of security, see *Good v. Sworob*, 420 Pa. 435, 218 A. 2d 240 (1966). Nor is this a case where appellant made a "studied attempt" to obtain a default judgment, see *Fox v. Mellon*, supra. Appellant carefully, and explicitly, preserved his rights. He certainly cannot be foreclosed from exercising them simply because he was courteous and extended the time limits. See *Kramer v. Philadelphia*, 425 Pa. at 477, 229 A. 2d at 877.

As this Court stated in *McDonald v. Allen*, 416 Pa. 397, 400, 206 A. 2d 395, 396 (1965): " ' "The exercise of generosity does not create a binding obligation for its continuance." ' " Appellee knew of Judge BARBIERI'S order and does not now complain that it was an im-

---

3. The trial court stated that "[a]t best, it can be said that there was confusion between the attorneys. Such confusions [sic] misled defendant's counsel and is accepted as a reasonable explanation for the delay in filing answers."

proper one under the circumstances. He cannot be heard to say that he did not think appellant was serious in his desire to enforce his rights.

The order of the Court of Common Pleas, Trial Division, of Philadelphia is reversed.