Zellman, Appellant, *v.* Fickenscher.

Argued September 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Gerald F. Tietz,* with him *Oshtry & Miller,* for appellant.

*S. Jay Sklar,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Levy Anderson,* City Solicitor, for appellees.

OPINION PER CURIAM, November 23, 1971:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J. :
This is an appeal from the order of the lower court opening a default judgment.

On April 24, 1970, appellant filed a complaint in the lower court charging the appellees with tortious conduct. This complaint was not answered, and on May 15, 1970, a default judgment was entered for appellant.

The appellees were promptly advised of this action, and they requested in writing that appellant's counsel stipulate to the opening of the judgment. No further action was taken until June, 1970, when appellant's attorney in a telephone conversation with the attorney for the appellees stated that he would not stipulate to the opening of the default judgment. Still no action was taken by the appellees. Finally, in January, 1971, after appellant had filed for an assessment of damages and more than eight months after the default judgment was entered, appellees petitioned the lower court to open the judgment.

The Court below granted the motion to open. In its opinion the lower court stated that this action was based on the principle that it is within a court's discretion to open a judgment where "(1) the petition (to open) is promptly filed (2) a defense is shown to exist on the merits; and (3) the default is reasonably explained or excused" all co-exist, citing *Triolo v. Philadelphia Coca Cola Bottling Co.*, 440 Pa. 164, 270 A. 2d 620 (1970) and *Fox v. Mellow*, 438 Pa. 364, 264 A. 2d 623 (1970).

While the lower court has correctly stated the law, it has failed to apply it to the facts in the instant case. Here, the petition to open the judgment was not filed until more than eight months after the appellees were notified of the default judgment. Neither the petition itself nor the opinion by the lower court explains why the appellees failed to petition to open the judgment. Furthermore, there are no exigent circumstances or excuses offered by appellees in this appeal which would explain this delay. Under *Kramer v. Philadelphia*, 425 Pa. 472, 229 A. 2d 875 (1967) the judgment must therefore be reinstated.

In *Kramer*, the City of Philadelphia moved to open a default judgment entered against it two days before the time fixed for the assessment of damages and more

than six months after the entry of the default judgment. The lower court opened the judgment. The Supreme Court, however, reversed in language directly applicable to the instant case: "Wheel [v. Park Bldg., 412 Pa. 545, 195 A. 2d 359 (1963)] requires that a petition (to open a default judgment) be promptly filed. In the instant case, a period of nearly 6½ months elapsed between the entry of judgment and the filing of the petition to open. Such a passage of time indicates to us that the City did not act with sufficient promptness. There is nothing in the record or in the actions of counsel to indicate that the City was in any way prevented from filing its petition, or in any way lulled into a posture of inaction." 425 Pa. at 476, 229 A. 2d at 877.

I would vacate the order of the lower court and order that the case be remanded for further proceedings consistent herewith.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.