# McCoy *v.* Public Acceptance Corporation (et al., Appellant).

496

Argued November 14, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused June 27, 1973.

*William J. Brady, Jr.,* for appellant.

*Joseph R. Siegert,* with him *Manfred Farber,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, May 4, 1973:

This is an appeal from a decree of the Court of Common Pleas of Philadelphia refusing to open a default judgment entered against the appellant, Stuyvesant Life Insurance Company.

The relevant facts are as follows: In June of 1963 the appellee's husband, William McCoy, purchased an automobile which was financed through the Public Acceptance Corporation. In order to obtain financing, Mr. McCoy was required to obtain life and disability insurance in the amount of the loan, payable to Public Acceptance in the event Mr. McCoy died or became disabled before the loan was retired. The required insurance was obtained from the appellant, Stuyvesant Life Insurance Company. On January 1, 1965, Mr. McCoy suffered a severe stroke which left him totally disabled until his death on March 19, 1968. On December 30,

1969, Mrs. Corinne McCoy—the widow of insured and beneficiary of the policy—instituted an action in equity by summons against the appellant, Stuyvesant Life Insurance Company. Subsequently, on September 23, 1970, a complaint in equity was filed on behalf of Mrs. McCoy which named four defendants including the appellant, Stuyvesant Life Insurance Company. Count number two of the complaint alleges that the company refused to investigate and pay valid claims made against it under the policies issued to Mr. McCoy. The complaint further alleges that as a result of this refusal to pay benefits under the policies, Mrs. McCoy suffered damages.

The complaint and a notice to plead were sent to the appellant's counsel, William J. Brady, Jr., although he had not entered an appearance in the matter. The complaint was accompanied by the following letter:

"Dear Mr. Brady:

"Enclosed please find certified, true and correct copy of Complaint in Equity with notice to plead, original having been filed today.

"You may, of course, have additional time for responsive pleading without the necessity of a formal request.

Very truly yours,
/s/ Joseph R. Siegert
[Attorney for Appellee]"

In a letter dated October 13, 1970, Mr. Brady notified Mr. Siegert that he had received the complaint, was grateful for the kindness in extending the time for filing an answer, and would be in touch with the appellee shortly after contacting his client, the Stuyvesant Life Insurance Company.

There was apparently no further communication between the attorneys and on June 2, 1971, seven months and three weeks after the twenty-day period for filing

an answer had elapsed, the appellee entered a default judgment against the appellant, Stuyvesant Life Insurance Company. As of that date neither an answer nor an appearance had been filed on behalf of the appellant. Some eleven weeks later, on August 3, 1971, the entry of the default judgment was brought to the attention of Mr. Brady, the appellant's attorney.* On August 20, 1971, two and one-half weeks after learning of the default judgment, the appellant filed a petition for a rule to show cause why the default judgment should not be opened and a defense permitted to be entered. The court below refused to open the judgment and this appeal was taken.

The rules governing our review of default judgments have been stated in a number of recent cases. A petition to open is an appeal to the court's equitable powers and is a matter for judicial discretion. This Court will not reverse a lower court ruling, either opening or refusing to open a default judgment unless there was an error of law or a clear, manifest abuse of discretion in this class of case. In determining whether a lower court has abused its discretion we have stated that three factors should be considered and must coalesce before a default judgment can be opened: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A. 2d 128 (1971); *Kraynick v. Hertz*, 443 Pa. 105, 277 A. 2d 144 (1971); *Fox v. Mellon*, 438 Pa. 364, 264 A. 2d 623 (1970); *Kramer v. Philadelphia*, 425 Pa. 472, 229 A. 2d 875 (1967).

As noted above, all three factors must appear before a court is justified in opening a default judgment. In

---

* There is a conflict in the pleadings as to how the appellant's attorney became aware that the default judgment had been entered but both sides agree that the notice occurred on August 3, 1971.

this case the Memorandum Opinion of Judge HIRSH refusing to open the judgment held that the appellant did not "reasonably explain" the default. The appellant has presented two reasons for the seven and one-half-month delay in answering the complaint. First, the appellant contends that the appellee's letter of September 23, 1970, which accompanied the complaint and stated that the appellant could have "additional time for responsive pleading without the necessity of a formal request" lulled the appellant into a false sense of security. That argument would be persuasive if the appellee had taken a "snap" judgment a day or two after the expiration of the twenty-day period for filing an answer. *See, e.g., Kraynick v. Hertz* (judgment entered at 8:39 a.m. of twenty-first day). Here, however, more than seven months elapsed between the service of the complaint and the entry of judgment. The lower court held that the appellee's unsolicited grant of an extension of time was a "kindness" which "should not be construed as a blanket approval to [appellant] to fail to answer for more than a reasonable time." In light of the long delay between complaint and judgment, we are unable to say that the lower court's holding on this issue was either an error of law or an abuse of discretion. Secondly, to explain the failure to file an answer before the entry of the default judgment, the appellant's attorney avers that he moved his offices in January of 1971 and the unanswered complaint was placed in a "hold" file and was never reactivated. Although unfortunate for his client, the attorney's handling of this file does not present an acceptable excuse for his failure to respond to the complaint. Additionally, more than three months passed between receipt of the complaint and the attorney's change of office.

Having determined that the appellant did not adequately explain the failure to answer the complaint, the lower court was justified in refusing to open the judg-

ment. Although not necessary for the resolution of this case, since all three factors must be present to allow a judgment to be opened, we note in passing that there was a two and one-half-week delay between the time the appellant learned of the default judgment and the filing of a petition to open. Although such a delay might not be considered excessive under certain circumstances, filing the petition to open after two and one-half weeks can hardly be considered prompt.

The third element which must be present to open a default judgment, averment of a meritorious defense, is properly alleged in this case. Stuyvesant Life contends that this action is barred by a three-year limitation of action provision contained in the insurance policies at issue. The company contends that the time for suit on the policies began to run when the appellee's husband first became disabled and that the time for action under the policies had expired before this suit was started. The company also alleges that the policies were obtained by fraud, alleging that the appellee's husband concealed a serious medical problem when he obtained the insurance coverage on the loan.

The decree of the lower court is affirmed. Each party to pay own costs.