## Beloyan v. Collins

*John M. Kenney*, for plaintiffs.
*Jeffrey M. Stopford*, for defendant.

REED, J., May 30, 1973.—Defendant has filed a motion to strike a default judgment, taken by plaintiff for failure to answer plaintiffs' interrogatories, pursuant tò an order of court obtained by plaintiffs.

The record reveals plaintiffs filed a complaint on July 14, 1972. On August 10th, Harry M. Atkins, Esq., of the Philadelphia bar entered his appearance on behalf of defendant. Four days later interrogatories were filed and sent to defendant.

On August 17, 1972, defendant filed a like objection to each interrogatory question: "[I]nasmuch as they are in violation of Pennsylvania R. C. P. 4007 and 4011."

On August 30, 1972, plaintiffs' counsel mailed to the Prothonotary of Delaware County a motion for sanctions against defendant for failure to answer the interrogatories, with an accompanying proposed order for the court's approval, directing that defendant answer the interrogatories within 30 days or suffer a default judgment upon praecipe of plaintiff. On the same day, plaintiffs' counsel sent a copy of the motion and the accompanying *proposed* order to defendant's counsel.

On September 5th, in due course the motion was filed of record by the prothonotary, and the order was signed and entered of record the *same day* by Bloom, J.

Notice, however, of the court's signing and entry of the order was not given to defendant's counsel. Plaintiffs maintain that they had no duty to notify defendant that the order had been, in fact, approved and

entered. Neither plaintiff nor defendant did anything further, until 72 days later on November 20, 1972, when plaintiffs filed their praecipe for default judgment. On February 13, 1973, defendant filed the motion to strike the default judgment which is now before us. Defendant's motion should be granted and the judgment stricken.

Defendant's motion is grounded upon Pennsylvania Rule of Civil Procedure 4005(b):

"Within ten (10) days after service of interrogatories a party may file and serve written objections thereto. *Answers to interrogatories to which objections are made shall be deferred until the objections are decided.*"

And Pa. R.C.P. 4013:

"The filing of a motion or application under this chapter *shall stay the proceedings with respect to the depositions* or discovery to which the motion or application is directed; and the court must stay all proceedings in the action until disposition of the motion or application." (Italics supplied.)

Plaintiffs ignored the application of these Rules of Civil Procedure, which stayed the proceedings after defendant's objections of August 17, 1972.

Plaintiffs contend their motion for sanctions derives from their assumption that defendant's reiterated objection to each and every interrogatory constituted lack of good faith on defendant's part, and that defendant's refusal was, therefore, impertinent. Plaintiffs may be right but it was presumptive of plaintiffs to so assume and thereby usurp the function of the court under the rules.

Plaintiffs also contend that sending a copy of the unsigned order, upon mailing the original to the Prothonotary of Delaware County for filing, constituted sufficient notice of the entry of the order by the

court. This approach again presumed upon the court. Defendant was never notified that the order was, in fact, signed and entered. Defendant did not come under the order, because he was never notified it had been entered in fact. In any event, even proper notice would not have overcome or cured the defect that the proceedings were already stayed under Rule 4005 and Rule 4013, supra.

Plaintiffs cite Kramer v. Philadelphia, 425 Pa. 472, 229 A. 2d 875 (1967), which is distinguishable. There on an order directing the production of documents entered pursuant to a stipulation of counsel, and after notice of intention to take a default judgment, and with additional time given for defendant's compliance, the default judgment was taken, and defendant's request to open it refused.

Here, plaintiffs' counsel acted in violation of the rules of civil procedure in the first place and as well upon inadequate notice, and without giving any warning of intention to take the default judgment.

"[A] petition to open judgment is an appeal to the equitable side of the court, and the petition must establish equitable considerations which convince the court that justice would best be served by opening the judgment": Kramer v. Philadelphia, 425 Pa. 472, 229 A. 2d. 875 (1967). We find such equitable considerations existent in this case that necessitate the opening of this judgment.

## ORDER

And now, May 30, 1973, defendant's motion to open the default judgment herein be and the same is granted and it is ordered that the judgment entered herein on November 20, 1972, be and the same is stricken from the record.