Zellman, Appellant, *v.* Fickenscher.

Argued November 9, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MAN-DERINO, JJ.

*Gerald F. Tietz,* with him *Norman A. Oshtry,* and *Oshtry & Tietz,* for appellant.

*S. Jay Sklar,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE NIX, July 2, 1973:

This proceeding arises from an order of the Court of Common Pleas of Philadelphia granting a petition to open a default judgment.

The relevant facts are as follows: On April 20, 1970, the appellant filed a complaint in trespass against the appellees, three Philadelphia police officers and the City of Philadelphia. The complaint alleged that the three individual appellees repeatedly struck the appellant on or about various parts of his body, as a consequence of which he sustained severe injuries. The complaint further alleged that the acts of the three individual appellees were committed within the scope of their employment and were, therefore, imputed to the appellee City of Philadelphia.

The complaint was served upon the appellees' attorney in the office of the City Solicitor on April 24, 1970. No answer was filed and on May 15, 1970, a default judgment was entered on behalf of the appellant. The appellees were promptly advised of this action, and in a letter dated June 4, 1970, they requested a stipulation agreeing to the opening of the judgment. The appellant did not respond to the request in writing.[1]

----

[1] In his dissenting opinion in the Superior Court, Judge HOFF-MAN noted that a telephone conversation took place between counsel for the appellant and counsel for the appellees during which appellant's counsel stated that he would not stipulate to the opening of the default judgment. *Zellman v. Fickenscher,* 220 Pa. Superior Ct. 138, 286 A. 2d 429 (1971) (dissenting opinion). Interestingly

Finally, on December 24, 1970, appellant moved for an assessment of damages. Thereafter, in January, 1971, nearly eight months after the default judgment was entered, appellees petitioned the lower court to open the judgment. The court below granted the motion to open and the Superior Court affirmed per curiam, with Judge HOFFMAN filing a dissenting opinion, in which Judge SPAULDING and Judge CERCONE joined. *Zellman v. Fickenscher*, 220 Pa. Superior Ct. 138, 286 A. 2d 429 (1971). We granted allocatur and now we reverse.

It has long been the law of Pennsylvania that a petition to open a judgment is a matter of judicial discretion which is to be exercised in trespass actions only if: (1) the petition to open has been promptly filed; and (2) the failure to appear or file a timely answer can be reasonably explained or excused.[2] *See Kraynick v. Hertz*, 443 Pa. 105, 277 A. 2d 144 (1971) ; *Kuntz v. Lanbar Hotel Co., Inc.*, 380 Pa. 90, 110 A. 2d 249 (1955) ; *see also Balk v. Ford Motor Co.*, 446 Pa. 137, 140 n. 3, 285 A. 2d 128, 130-31 n. 3 (1971). In the instant case, we believe that the lower court abused its discretion in granting the petition to open the default judgment.

---

enough, the appellees did not deny the existence of this telephone conversation in the Superior Court, nor do they deny it in their brief filed in this Court. This communication was denied, however, in appellees' Answer to appellant's Petition for Allowance of Appeal.

Notwithstanding the significance of this alleged conversation, it is not necessary in our disposition of this appeal to determine whether the telephone communication did in fact take place because even assuming that there was no telephone conversation the same result obtains.

[2] We are mindful that in order to open a default judgment in an assumpsit action, as opposed to one in trespass, the party seeking to open the judgment must also show a meritorious defense. *See, e.g., Pappas v. Stefan*, 451 Pa. 354, 304 A. 2d 143 (1973) ; *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A. 2d 698 (1973) ; *Carney v. Sado*, 450 Pa. 118, 299 A. 2d 231 (1973).

The record before us completely negates a finding that the appellees promptly moved to open the default judgment. The petition to open the judgment was not filed until nearly eight months after the appellees were notified of the default judgment and appellees have offered no reasonable excuses or exigent circumstances which would explain this lengthy delay. In *Kramer v. Philadelphia*, 425 Pa. 472, 229 A. 2d 875 (1967), we were also confronted with the problem of whether a petition to open a default judgment was promptly filed and our rationale in that case is equally applicable here: "In the instant case, a period of nearly 6½ months elapsed between the entry of judgment and the filing of the petition to open. Such a passage of time indicates to us that the City did not act with sufficient promptness. There is nothing in the record or in the actions of counsel to indicate that the City was in any way prevented from filing its petition, or in any way lulled into a posture of inaction." 425 Pa. at 476, 229 A. 2d at 877.

The only excuse offered by the appellees for the eight month delay in petitioning to open the judgment is that they were "lulled into a posture of inaction". As noted above, twenty days after the default was entered appellees communicated with appellant's attorney by letter and sought to have him enter into a stipulation to open the judgment. Allegedly, when appellant's attorney did not respond to this letter in writing, the appellees became confused and could not determine what course of action to pursue. We are not convinced that such "confusion" is sufficient to overcome the requirement that the petition to open be promptly filed. Even assuming that the appellees honestly hoped that the June 4, 1970, letter would induce appellant to waive his legal rights and agree to open the judgment, the mere sending of a letter without any response from the

other side certainly does not justify their remaining inactive for nearly eight months and not moving promptly to open the judgment. Clearly, this is not a case where the appellant deliberately confused appellees or actively attempted to lull them into a false sense of security. *See Triolo v. Philadelphia Coca-Cola Bottling Co.*, 440 Pa. 164, 270 A. 2d 620 (1970).[3]

In view of appellees' failure to act with sufficient promptness in filing their petition to open, we conclude that the opening of the default judgment by the court below was erroneous. Accordingly, the order of the Superior Court and the order of the lower court are reversed.

---

[3] In *Triolo*, this Court held the appellee's default was not "reasonably explained" by its allegation that it had been confused by counsel for appellant and that it believed that counsel was not serious about enforcing the order of the court below.