369 A.2d 738

Joseph DiNENNO

v.

The GREAT ATLANTIC AND PACIFIC TEA CO., INC., and Richard McCarthy, Appellants, and Pepsi Cola Distributing Co., of Delaware Valley, Inc.

Superior Court of Pennsylvania.

Argued June 18, 1976.

Decided Nov. 22, 1976.

———◆———

Thomas O. Malcolm, West Chester, for appellants.

R. Barclay Surrick, Media, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from the denial of a petition to open a default judgment. On March 24, 1975 Joseph DiNenno filed a complaint in trespass alleging slander and naming The Great Atlantic and Pacific Tea Company, Inc., Richard McCarthy, an A & P manager, and Pepsi Cola Distributing Co. of Delaware Valley, Inc. as defendants. On April 4, 1975 Pepsi was served. Counsel for Pepsi entered a timely appearance and filed an answer to the complaint. On April 7, 1975, A & P and McCarthy were served. On May 1, 1975, twenty-four days after service, counsel for DiNenno entered a default judgment against A & P and McCarthy for their failure to file an appearance for answer. Counsel for A & P and its manager, McCarthy, on May 16, 1975, filed a petition to open the default judgment. An answer to the petition to open was filed on June 1, 1975 and depositions were taken on June 19, 1975. Briefs were submitted and on December 11, 1975 the petition to open was denied. This appeal followed.

The law in this area is clear, a petition to open a default judgment is a matter of judicial discretion to be exercised when: (1) the petition to open has been

promptly filed; (2) a meritorious defense can be shown; [1] and (3) the failure to file a timely answer can be reasonably explained or excused. *Zellman v. Fickenscher,* 452 Pa. 596, 598, 307 A.2d 837 (1973); *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 498, 305 A.2d 698 (1973); *Pappas v. Stefan,* 451 Pa. 354, 356–7, 304 A.2d 143 (1973); *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970).

The first two factors need not detain us. Clearly the petition to open was promptly filed. This point is not disputed by either the lower court or DiNenno. Since this is a trespass action and since we feel the equities are clear it is not necessary that the question of a meritorious defense be considered. This leaves only the question of whether A & P and its manager, McCarthy, have reasonably explained or excused their failure to file a timely answer. To resolve this question we must look closely at the facts set forth in the various depositions which were taken in support of the petition to open.

The complaints were served at an A & P store in Delaware County on April 7, 1975. McCarthy, who managed the A & P store, was home at the time and therefore the complaints were received by the assistant manager. The assistant manager notified McCarthy by telephone and was instructed by McCarthy to send the complaints by courier to the Philadelphia Division Office of A & P and to then inform Robert Coyle, A & P's claims manager, of the receipt of the complaints. The complaints were received by A & P claims manager, Coyle, in the Philadelphia Office on April 9, 1975. Coyle later assured manager McCarthy that A & P's insurance carrier would

---

1. While in an assumpsit action a meritorious defense is mandatory, in a trespass action a meritorious defense is demanded only when the other equities are not clear. However, in all trespass actions a meritorious defense is an equitable consideration favoring the opening of a default judgment. *Balk v. Ford Motor Co.,* 446 Pa. 137, 140, n. 3, 285 A.2d 128 (1971).

provide for his defense and accordingly McCarthy never engaged personal counsel. When Coyle received the complaints he wrote to Arthur Broll, Jr. of Pepsi requesting that Pepsi answer the complaints on behalf of A & P and McCarthy. The basis for this request was Coyle's assumption that there existed an indemnity agreement between A & P and Pepsi. This assumption was not unreasonable since A & P had such agreements with several Pepsi franchises, however there was in fact no such agreement with the particular Pepsi franchise involved in this action. Coyle also wrote to A & P's liability insurance carrier, Aetna Life and Casualty Company (Aetna), advising of the lawsuit, and enclosing a copy of the complaints together with a copy of his letter to Pepsi. Coyle's letter was received by Kenneth C. Pierce of Aetna on April 14, 1975. Normally upon receipt of such papers Pierce of Aetna would promptly assign the matter to counsel, however since it appeared that Pepsi might be furnishing a defense Pierce of Aetna deviated from his normal procedure and instead had a file made up with the intention of contacting Pepsi. The file was made up and returned to Pierce's desk. Pierce was out of the office for several days and as a result the clerk who made up the file became concerned that the file should be acted upon. Accordingly the clerk removed the file from Pierce's desk and gave it to Barton Schwartz who was the claims representative of Aetna assigned the responsibility of handling the file. Normally when handling a personal injury case Schwartz of Aetna would call plaintiff's counsel to get information regarding the case but since this was a defamation action he felt it would be best to allow defense counsel to develop the information. Schwartz, the claims representative of Aetna, assumed that Pierce, in accordance with normal Aetna office routine, had made arrangements for the defense of the case by an attorney. However, Pierce had not done so and since the file had been removed from his

desk he was not reminded of his original intention to call Pepsi. Accordingly, Aetna took no action on this case. Such inaction on the part of Aetna resulted in the default judgment.

From the above facts it is clear that the default judgment in the instant case is the result of inadvertent errors of Aetna. Our Supreme Court has held numerous times that such errors by an insurance carrier constitute sufficient legal justification to open a default judgment. See *Balk v. Ford Motor Co.,* supra; *Fox v. Mellon,* supra; *Myers v. Harrisburg Taxicab and Baggage Co., Inc.,* 368 Pa. 20, 82 A.2d 14 (1951); *Scott v. McEwing,* 337 Pa. 273, 10 A.2d 436 (1940). This is not to say that mere allegation of negligence on the part of an insurance carrier will constitute justification to open a default judgment. *Fishman v. Noble, Inc.,* 236 Pa.Super. 611, 346 A.2d 359 (1975). Such negligence must be shown to be reasonable errors "which indicate an oversight rather than a deliberate decision not to defend." *Johnson v. Yellow Cab Co. of Phila.,* 226 Pa.Super. 270, 307 A.2d 423 (1973). The facts of the instant case clearly indicate oversight rather than a deliberate decision not to defend and accordingly it was an abuse of discretion for the lower court to deny the petition to open. *Campbell v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 335 A.2d 371 (1975).

Order reversed and the judgment entered by default in the court below opened.

SPAETH, J., concurs in the result.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

I dissent on the basis of my dissenting opinion in *Campbell v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 335 A.2d 371 (1975). I believe that the Majority's opinion fails to adhere to the proper standard of review. We

should not reverse a denial of a petition to open judgment absent a clear and manifest abuse of discretion by the trial court. *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973); *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A. 2d 128 (1971). "When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; *it is not sufficient to persuade the appellate court that it might have reached a different conclusion* if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. 'An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' *Mielcuszny et ux. v. Rosol,* 317 Pa. 91, 93, 94, 176 A. 236." *Campbell v. Heilman Homes, Inc.,* supra, 233 Pa.Super. at 371, 335 A.2d at 373. (Dissenting opinion by Hoffman, J.). I do not accept the Majority's apparent belief that denial of a petition to open is *ipso facto* an abuse of discretion in a case in which the defendant's failure to answer resulted from an oversight or unintentional omission. Instead, I would require "a demonstration that the trial court applied erroneous legal principles to the factual situation presented, or that the court was biased or prejudiced against the appellant." *Campbell v. Heilman Homes, Inc.,* supra, at 373, 335 A.2d at 374. No such demonstration has been made in this case. See also *Day v. Buick,* 239 Pa.Super. 505, 361 A.2d 823 (filed March 29, 1976) (Dissenting Opinion by Hoffman, J.). Accordingly, I would affirm the order of the lower court.