421 A.2d 1228

**Virginia E. KING, Administratrix of the Estate of Brian Scott King, Deceased, Appellant,**

**v.**

**Arthur EVANS; Johnson Motor Lines, Inc.; Herman Funke, Alfred Funke, John Funke, Charles Funke, and Alvin Funke, d/b/a/ Herman Funke & Sons, and the Borough of Ashley and Herman Funke & Sons, Inc.**

Superior Court of Pennsylvania.

Submitted March 18, 1980.

Filed Sept. 19, 1980.

220

Arthur L. Piccone, Wilkes–Barre, for appellant.

B. Todd Maguire, Wilkes–Barre, for Funke & Sons, appellees.

Anthony B. Panaway, Wilkes–Barre, for Borough of Ashley, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

The sole issue on this appeal is whether the court below erred in granting the petition of the appellee, Borough of Ashley, to open a default judgment.

The facts in this case, which are substantially undisputed, are as follows. Wrongful death and survival actions were commenced by the Administratrix of the estate of a thirteen year old boy who was killed as a result of an accident which allegedly involved the Borough of Ashley and others. A copy of the complaint was served on the secretary of the Borough of Ashley on August 16, 1976. In August or September, 1976, the secretary gave the complaint to the Borough Solicitor, Bernard J. Hendrzak, Esquire, ". . . assuming that he took care of all legal matters . . . ." The Borough had established no procedure to be followed in the event of a lawsuit and according to the solicitor this was the first lawsuit against the Borough. The Borough secretary had never received instructions from any of the councilmen or the mayor as to what her duties were. She testified, "Our previous secretary died and I took over, you know, without knowing a thing about it and I don't think anybody

else knew anything." Mr. Hendrzak, who had been Borough solicitor for some time prior to August, 1976, and remained the solicitor until at least April of 1978, acknowledged receiving the complaint from the secretary at a council meeting, probably on the second Monday of September, 1976. Mr. Hendrzak assumed that the insurance company had been notified of the suit and that they were going to defend the action in the normal way. He then put the copy of the complaint in the Borough file and did nothing else concerning it. The matter was next brought to his attention when he received notice that a default judgment had been entered by the appellant against the Borough on November 4, 1977 for failure to file an answer or enter an appearance. On November 10, 1977 Mr. Hendrzak wrote to counsel for appellant requesting that a stipulation be entered allowing the opening of the judgment and the filing of a responsive pleading.[1] The attorney for the appellant advised Mr. Hendrzak that he would not agree to opening the default judgment.[2] On August 10, 1978, appellee, Borough of Ashley, filed a petition to open the default judgment. By order

1. In Mr. Hendrzak's letter to Mr. Piccone, counsel for appellant, he stated, "When the complaint was originally served upon Ashley Borough, I directed the secretary to notify the Borough's liability insurance carrier. I assumed that she had done so, and that the carrier was having their attorney handle the matter. Apparently, she had not done so." At his deposition, Mr. Hendrzak was asked what he did with the copy of the complaint after the secretary gave it to him, and he replied that he put it in the Borough files. He made no mention of instructing the secretary to notify the insurance company. The Borough secretary apparently received no instructions from Mr. Hendrzak about writing to the insurance carrier. She was asked at the deposition:

Q. What was your impression then, after you had given the papers to Attorney Hendrzak, what did you think happened?
A. I assumed Attorney Hendrzak handled the whole matter, you know, what had to be done.
Q. All right, you assumed that Attorney Hendrzak . . .
A. I dismissed it from my mind completely.

2. It was not until April, 1978, that a copy of the complaint was received by the Hartford Insurance Company, the Borough of Ashley's insurance carrier, and the insurance company has refused to defend the action on behalf of the Borough because of untimely notice of the accident which occurred on August 19, 1975.

of September 27, 1979, the court below granted the petition and the Borough of Ashley was permitted to enter an appearance and file a responsive pleading. From this order, the appellant has filed this appeal.

The law is clear with respect to opening of judgments entered by default. A court should exercise its equitable discretion in opening a default judgment only where the following three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear or file an answer can be excused. *Day v. Wilkie Buick Company*, 239 Pa.Super. 71, 73, 361 A.2d 823, 824 (1976).[3] Since the grant or denial of a petition to open a default judgment is within the court's equitable powers, the discretion of the court will not be overturned unless there is a clear, manifest abuse of discretion. *St. Vladimir Ukranian Orthodox Church v. Preferred Risk Mutual Insurance Company*, 239 Pa.Super. 492, 497, 362 A.2d 1052, 1056 (1976); *see also Kilgillen v. Kutna*, 226 Pa.Super. 323, 327, 310 A.2d 396 (1973).

The court below did not deal with the issue of prompt filing of the petition to open except to state, "While there was some delay in filing the petition to open the default judgment by the Borough solicitor, the solicitor did promptly write to Plaintiff's Counsel immediately upon learning of the entry of the default judgment." (Opinion of the court below, p. 3). A letter to opposing counsel does not meet the requirements of prompt filing of a petition to open. Once a default judgment is entered against the defendant for failure to enter an appearance or file an answer, a sense of urgency should compel counsel to take immediate corrective action to remove the judgment against his client. The concept of a default judgment is based on a litigant's failure

---

3. *Balk v. Ford Motor Company*, 446 Pa. 137, 140, 285 A.2d 128, 130–131 (1971), stated in footnote 3:

The rule has always been that where the equities are otherwise clear, in a trespass case as opposed to one in assumpsit, a good defense need not be posited in order to open a default judgment. [citations omitted.] The difference is attributable to differing pleading practices.

to do something that he should have done to protect his interests. Once a party learns that a default judgment has been entered against him, indifferent conduct must be replaced with that consistent with the exigency of the situation.

In the instant case, appellee's solicitor learned on or shortly after November 4, 1977 that a default judgment had been entered against the Borough. He promptly requested that the appellant stipulate to open the judgment, which appellant refused to do. On August 10, 1978, more than nine months after the entry of the default judgment the petition to open was filed in the court below. The record does not disclose any reason whatsoever for the long delay in the filing of the petition to open. The law does not establish a certain number of days which constitutes a cutoff point between a prompt filing of a petition to open and one which is not timely filed. In some cases it is evident that the petition to open has been promptly filed. In *DiNenno v. Great Atlantic and Pacific Tea Company*, 245 Pa.Super. 498, 369 A.2d 738 (1976), the petition to open was filed fifteen days after the entry of a default judgment, and this Court held that: "Clearly the petition to open was promptly filed." 245 Pa.Super. at 500, 369 A.2d at 739. *See also*: *Quaker Transit Company, Inc. v. Jack W. Blumenfield and Company*, 277 Pa.Super. 393, 419 A.2d 1202 (1980), in which this Court held that a petition to open filed fourteen days after the default judgment had been entered was timely filed.

We find in this case, where the Borough of Ashley alleged no extenuating circumstances, that a delay in excess of nine months from the date of the entry of the default judgment until the filing of the petition to open the judgment, where counsel for the defendant was promptly notified of the entry of the default judgment, that the court below abused its discretion in finding that the petition to open was promptly filed. In *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973) our Supreme Court held that the lower court abused its discretion in finding that the petition to open had been promptly filed where counsel waited approximately fifty—

five days from the date of notice of the default to the filing of the petition to open. In *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 375 A.2d 368 (1977), the lower court found that a petition to open was promptly filed notwithstanding a delay of forty–seven days between the time that confusion was resolved by the defendant as to an action against it, and the filing of the petition to open the default judgment. This court found that the court below abused its discretion in finding that the petition to open was promptly filed. Similarly, in *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 380 A.2d 404 (1977), this court found that the lower court abused its discretion in granting a petition to open a default judgment filed sixty–three days after the defendant received notice of the entry of the default judgment.

The case of *Zellman v. Fickenscher*, 452 Pa. 596, 307 A.2d 837 (1973), is clearly applicable to this case. The court stated:

> The record before us completely negates a finding that the appellees promptly moved to open the default judgment. The petition to open the judgment was not filed until nearly eight months after the appellees were notified of the default judgment and appellees have offered no reasonable excuses or exigent circumstances which would explain this lengthy delay. (452 Pa. at 599, 307 A.2d at 838.)

In *Zellman, supra*, the Supreme Court held that the lower court erred in opening the default judgment.

Since we have found that the petition to open was not promptly filed, we need not consider whether the failure to appear or answer can be excused. However, we are satisfied that there was no valid excuse for the Borough of Ashley's failure to enter an appearance of file a responsive pleading. The only reason given by the Borough solicitor for failure to take any action with respect to the complaint was that he assumed that the Borough secretary notified the Hartford Insurance Company of the action. There was nothing in the record on which the solicitor could validly base his assumption. According to the solicitor, the Borough

had never been sued before and no procedures had been established which the secretary was supposed to follow in the event of a lawsuit. The solicitor apparently did not instruct the secretary to forward the complaint to the insurance company, and, on the contrary, he placed the complaint in the Borough file. The action against the Borough was a very serious one and the solicitor made no attempt whatsoever to follow up the action even to the extent of making an inquiry of the secretary as to what action the insurance company was taking. Almost total indifference by counsel as to whether a complaint has been answered or an appearance entered cannot constitute the basis of a valid excuse for failure to respond to a complaint.

Order reversed.