IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia              :
                                     :
       v.                   : No. 937 C.D. 2023
                                     : Submitted: June 3, 2025
Law Offices of Andre Michniak, PC  :
and Andre Michniak,            :
                      Appellants  :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                      FILED: July 8, 2025

The Law Offices of Andre Michniak, PC (Law Office) and Andre Michniak (Michniak) (collectively, Appellants), appeal the April 20, 2023 order (Order) of the Court of Common Pleas of Philadelphia County (Common Pleas), which denied Appellants' Petition to Open Default Judgment (Petition to Open). After review, we affirm.

## I.    Factual and Procedural Background

Michniak was a lawyer and the managing partner of the Law Office located in Philadelphia. Common Pleas Op., 9/21/23, at 1. The City of Philadelphia (City) alleged Appellants failed to remit wage taxes in 2001 through 2003, despite filing wage tax returns. *Id.* at 2. Based on those allegations, on January 25, 2022, the City filed a Complaint in Civil Action (Complaint) against Appellants for the unpaid tax,

plus interest and penalties. Reproduced Record (R.R.) at 11a-18a. The City served the Complaint on Michniak on March 4, 2022. *Id.* at 4a. The City reinstated the Complaint on March 16, 2022, and made service on the Law Office on March 28, 2022. *Id.* On April 27, 2022, by agreement of all parties, Common Pleas transferred the matter to arbitration. *Id.* at 5a.

At the time the parties agreed to arbitration, Appellants had not filed a responsive pleading to the Complaint. The Assistant City Solicitor (City Solicitor) and Michniak exchanged e-mail correspondence on January 5, 2023, through January 19, 2023. *See* City's Mem. of Law in Supp. of Pl.'s Resp. to Def.'s Pet. to Open, 3/13/23, Exs. D-G, I. Michniak offered repeated assurances he would file a responsive pleading to the Complaint. The City Solicitor advised Michniak that if he did not file a responsive pleading by the end of the day on January 18, 2023, the City would seek a default judgment. As promised, the City filed Praecipes for Judgment by Default against Appellants on January 18, 2023, and the prothonotary entered default judgment.[1] R.R. at 6a.

On January 30, 2023, Michniak electronically submitted a petition for relief to Common Pleas, through its Office of Judicial Records. *Id.* at 32a. The next day, the Office of Judicial Records sent Michniak an e-mail stating it rejected his filing and directing him to "please refile your petition for relief from a judgment in the motions section of e[-]filing." *Id.* at 34a (capitalization omitted). On February 17, 2023, Appellants filed an Answer and New Matter responding to the Complaint and a Petition to Open Default Judgment. *Id.* at 21a, 23a.

---

[1] The City certified it sent notice of its intention to file the praecipes on January 5, 2023.

On April 20, 2023, Common Pleas issued an Order denying Appellants' Petition to Open. Common Pleas Order, 4/20/23. Common Pleas concluded Appellants failed to satisfy the criteria required to open a default judgment. *Id.*

Appellants filed a Notice of Appeal. On appeal, Appellants present the following issues for our consideration. First, they allege Common Pleas failed to follow precedent and failed to weigh the equities of the case. Appellants' Br. at 6. Next, Appellants contend Common Pleas failed to consider the defenses it presented to the Complaint. *Id.* Appellants further raise the issue of the City's 20-year delay in filing the Complaint, suggesting the delay was prejudicial and excused the failure to file a responsive pleading. *Id.*

## II. Discussion

A petition to open a default judgment is addressed to Common Pleas' equitable powers. *Balk v. Ford Motor Co.*, 285 A.2d 128, 130 (Pa. 1971). When this Court reviews Common Pleas' disposition of a petition to open a default judgment, we must examine the entire record to determine whether Common Pleas committed an abuse of discretion or an error of law. *Easton Condo. Ass'n, Inc. v. Nash*, 127 A.3d 856, 858 n.4 (Pa. Cmwlth. 2015).

Pennsylvania Rule of Civil Procedure 237.3, Pa.R.Civ.P. 237.3, addresses petitions to open a default judgment. In relevant part, it provides:

> (a) A petition for relief from a judgment . . . by default . . . shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file. All grounds for relief shall be raised in a single petition.
>
> . . . .

(2) If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if . . . the proposed answer states a meritorious defense.

Pa.R.Civ.P. 237.3(a), (b)(2).

Appellants do not dispute they failed to file their Petition to Open within 10 days of the entry of default judgment. Thus, Appellants needed to establish three elements to open the default judgment against them: (1) the Petition to Open was promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim. *McCoy v. Pub. Acceptance Corp.*, 305 A.2d 698, 700 (Pa. 1973). Failure to satisfy any one element will result in Common Pleas denying the petition to open default judgment. *See id.* We focus our analysis on the second element of the three-part test, requiring a reasonable explanation or excuse.

In the Petition to Open, Appellants assert the delay in filing a responsive pleading was due to Michniak's health issues. Specifically, Appellants allege Michniak had COVID-19 and remained symptomatic. As Common Pleas notes, the record contains no medical documentation or other confirmation of his illness. Moreover, Common Pleas considered the timeline of the matter and found an illness in November 2022 did not excuse Appellants' failure to respond to the Complaint filed earlier that year in January 2022. Common Pleas reasoned: "[a]t best [] Michniak explains why he may not have been able to file a response to the Complaint while he had COVID-19 in November 2022, but this is not a reasonable excuse for why [he] did not file a response between March 28, 2022 and January 18, 2023." Common Pleas Op., 9/21/23, at 5.

In their brief, Appellants claim Michniak informed the City Solicitor of his illness and advised the City Solicitor it was affecting his ability to file a responsive

4

pleading. Appellants' Br. at 15. Appellants explain Michniak is a "pro se litigant and has rarely used the Philadelphia Court of Common Pleas e-filing docket in the last ten years." *Id.* at 8. Appellants also cite a computer problem and loss of power in Michniak's development. *Id.* at 15. Appellants acknowledge Michniak "believed that counsel would give him additional time to file a responsive pleading." *Id.* at 15-16. Further, in the Answer and New Matter to the Complaint, Appellants argue the Complaint relates to events from 20 years ago, and therefore, as a result of "the passage of so many years," Appellants are unable to locate records necessary to a defense, and the City's "unreasonable delay in filing this lawsuit has placed [Appellants] in a much worse position than if this action had been filed within a reasonable amount of time." R.R. at 30a. Appellants add the Law Office dissolved as a corporate entity in or about 2004. *Id.*

Even if we accept Appellants' claims as true, they do not explain or excuse Appellants' failure to file a response to the Complaint from when the City filed the Complaint in January 2022 and served Appellants in March 2022 until the entry of default judgment in January 2023. Failing to meet a single element of the three-part test is fatal to the Petition to Open. *See McCoy*, 305 A.2d at 700. Therefore, because we discern no abuse of discretion or error of law in Common Pleas' conclusion that Appellants failed to establish a reasonable explanation or excuse for failing to file a responsive pleading, we need not consider whether Appellants promptly filed the Petition to Open or had a meritorious defense to the Complaint.

### III. Conclusion

Based on the analysis above, we affirm Common Pleas' Order.

_____
STACY WALLACE, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
                                    :
       v.                  : No. 937 C.D. 2023
                                     :
Law Offices of Andre Michniak, PC :
and Andre Michniak,         :
              Appellants  :

# **O R D E R**

**AND NOW**, this 8th day of July 2025, the April 20, 2023 order of the Court of Common Pleas of Philadelphia County is **AFFIRMED**.

_____
STACY WALLACE, Judge