American Express Centurion Bank v. Morley

2

*David J. Apothaker*, for plaintiffs.
*Brian M. Puricelli*, for defendant.

PANEPINTO, *J.*, September 30, 2010—Defendant, Martin Morley, represented by counsel, appeals this court's order docketed June 9, 2010, which denied defendant's petition to open judgment entered in default in an action for breach of contract on an American Express account.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter stems from a default judgment entered against defendant Martin Morley (hereinafter referred to as "defendant") on an American Express account, number XXXX-XXXXXX-XXXXX, (the "account") by the prothonotary for failure to file an answer within the

required time. Default judgment was entered in favor of American Express Centurion Bank (hereinafter referred to as "plaintiff") after a praecipe for entry of default filed and final disposition entered against defendant on March 12, 2010 by judgment in default in the amount of $36,303.42.

On September 21, 2009, plaintiff filed a complaint commencing the civil action against defendant. Arbitration in this matter was originally scheduled for hearing on May 19, 2010. Service was first attempted on defendant on September 27, 2009 at which time defendant was not found. On November 2, 2009, plaintiff filed a praecipe to reinstate the complaint. An affidavit of service was filed on November 9, 2009 stating the complaint with notice to defend within twenty (20) days after service was served upon defendant by personal service on November 8, 2009.

A praecipe for entry of default judgment was filed and on March 12, 2010 a judgment by default was entered against defendant for failing to file an answer within the required time. In the default judgment, damages were assessed in the amount of $36,303.42. defendant's petition to open judgment was filed on March 23, 2010 and docketed on March 24, 2010. On May 5, 2010, a rule was entered to show cause why the petition to open judgment was entered listing this matter for a hearing to be held on June 3, 2010. Plaintiff filed a brief in opposition to the petition to open on May 7, 2010 and docketed May 10, 2010.

A full hearing was held on June 3, 2010, with appearances by the defendant and no appearance by plaintiff. After the hearing, this court denied the petition

to open judgment by order dated June 8, 2010 and docketed June 9, 2010. On July 2, 2010, defendant filed this appeal to the Superior Court of the order denying the petition to open judgment.

## ALLEGATIONS OF ERROR

On July 27, 2010, docketed July 29, 2010, this court entered an order directing defendant to file a Rule 1925(b) statement no later than 21 days after the entry of the order. The docket indicates that notice under Rule 236 was given on July 29, 2010. Defendant has failed to properly file a Rule 1925(b) statement pursuant to this court's order docketed August 5, 2010. Defendant did serve a copy on this court, but the docket does not reflect a Rule 1925(b) statement ever being docketed. Defendant listed his issues for appeal listing the following error of law and/or abuse of discretion and/or a denial of a constitutional right when:

(1) The court denies a petition to open the default judgment that was filed with ten (10) days of entry of the default judgment, and a meritorious defense was stated.

(2) When there is a challenge to personal jurisdiction of the court, because action was filed in Philadelphia, service was on a person other than the plaintiff, in Philadelphia, but the defendant does not live in Philadelphia nor was any act, transaction or occurrence sued for by the plaintiff in Philadelphia.

(3) The petition and answer were moved by the plaintiff judgment creditor without sworn testimony, and the defendant judgment debtor appear at the

hearing and presented evidence, of no personal jurisdiction, improper service and a meritorious defense, but the plaintiff judgment creditor did not appear to present counter evidence, and the court prevented defendant from presenting all evidence by ending the hearing before all evidence was presented.

## ANALYSIS

Defendant's petition to open judgment has been properly denied. Defendant did not state a meritorious defense sufficient to open the default judgment in any of the filings submitted to this court, including the petition to open judgment and the attached answer to the original complaint, or at the full hearing before this court on the petition to open judgment.

Defendant, in his Rule 1925 issue for appeal, set forth three (3) issues complained of on appeal. Each of the three errors will be discussed separately.

*(1) The court denies a petition to open the default judgment that was filed with ten (10) days of entry of the default judgment, and a meritorious defense was stated.*

Upon the filing of a petition to open a default Judgment, it is within the powers of equity that this court reviews such petitions and it is firmly a matter of judicial discretion. This court will only exercise its discretion when all three of the requirements for opening a judgment are met. Those requirements state the petitioner must: (1) file the petition within ten days after the entry of the judgment on the docket, (2) failure to appear can be excused, and (3) the proposed answer states a meritorious defense. Pa.R.C.P. §237.3 (b); see *Schultz v. Erie Insurance*

*Exchange*, 505 Pa. 90, 477 A.2d 471 (1984). A lower court's ruling, either opening or refusing to open a default judgment, will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion. *Balk v. Ford Motor Company*, 446 Pa. 137, 140, 285 A.2d 128, 131 (1971); *DiNenno v. Great Atlantic and Pacific Tea Company*, 245 Pa. Super. 498, 500, 369 A.2d 738, 739 (1976).

When a petition to open a default judgment is filed within the ten-day period, the delay in appearing or answering is held to be excusable as a matter of law and no explanation is required. Pa.R.C.P. §237.3; *Cohen v. Mirin*, 729 A.2d 1236, 1238 (PA. Super. 1999). "The trial court cannot open a default judgment based upon the 'equities" of the case when the defendant has failed to establish all three of the required criteria." *Flynn v. Casa Di Bertacchi Corp.*, 449 Pa. Super. 606, 615, 674 A.2d 1099, 1103 (Pa. Super. 1996).

In the present case, the defendant filed his petition to open default judgment on the tenth day after the docketing of the judgment. Due to his timely filing, requirements one and two of the three part test for opening a judgment are met. In reviewing the third requirement to open a default judgment, the record in this matter does not show that the defendant stated a meritorious defense. In order to satisfy this requirement, the defendant is required to plead a defense that would justify relief if proved at trial and a defense that is set forth in precise, specific and clear terms. *Penn-Delco School District v. Bell Atlantic-PA*, 745 A.2d 14, 19 (Pa. Super. 1999).

The defendant's answer attached to the petition to open merely stated that this court "lacks subject matter and personal jurisdiction over him." The answer was filed under a limited appearance so as to comply with Rule 237.3, with a general denial of "all paragraphs, counts and claims of the plaintiff." The defendant's petition in support of opening the default judgment went further in setting forth his argument for opening the judgment adding failure to properly serve the complaint to the claims of lack of subject matter and personal jurisdiction.

At the June 3rd, 2010 hearing in this case, defendant's attorney stated as his defense that "[h]e doesn't owe it. He's been disputing this debt for years and they even returned some of it. It's an unauthorized charge." No specific documentation was provided in any of the defendant's court filings to support this defense. The defendant did attach an affidavit to his petition to open which stated the charges were unauthorized, but no supporting documentation was attached. The record shows a copy of the account billing from American Express to Martin P. Morley, the defendant in this matter. In light of the lack of evidence to contradict the American Express bill on the account in this case, this court cannot find the defense as being meritorious.

The defendant's next meritorious defense is that this court lacks subject matter jurisdiction over plaintiff's claims in Philadelphia because the same claims are being litigated in Bucks County. The defendant claims the doctrine of lis pendens controls in this matter because he believes this to be a duplicative actions and that doctrine, along with Rule 1020(d) requires dismissal of the Philadelphia suit.

While the defendant is correct that Rule 1020 requires the joining of claims "if a transaction or occurrence gives rise to more than one cause of action," the suits in this case do not fit within that rule. In the defendant's case, the actions in Bucks and Philadelphia County are both suits in breach of contract dealing with the same parties, but the two cases involve two separate accounts with two different balances. The Bucks County suit is for "an American Express Business Capital Line Account (xxxx-xxxxxx-61009)" with alleged damages totaling $17,915.91. The Philadelphia County suit, which this appeal stems from, is for an American Express account (3713-350710-51008 with alleged damages totaling $35,894.44. Due to these facts, the defendant's argument for lack of subject matter jurisdiction fails to be a meritorious defense.

The defendant also argues on appeal that he was not properly served with the complaint as required by the Pennsylvania Rules of Civil Procedure and court rules of this county. The Pennsylvania rules in this respect are very specific as to how complaints should be served. With regards to service of original process, any action commenced in the First Judicial District may be served within the county by the sheriff or a competent adult. Pa.R.C.P. §400.1(a)(1) The rules further state that original process may be served by multiple methods including handing a copy to the defendant, or at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof. Pa.R.C.P. §402(a)(1), (a)(2)(iii).

After failing on their original attempt to serve defendant, plaintiff reinstated the complaint and

completed service. The affidavit states that the complaint was personally served on the defendant at 7836 Bustleton Avenue in Philadelphia. The defendant disputes the affidavit of service by claiming they did not serve him personally because the description does not match his description. The affidavit of service lists the description as a 45-year-old Caucasian male with black hair being five foot eight inches tall and one-hundred seventy (170) pounds. In the defendant's attached affidavit and at the hearing before this court, he stated that he is not 45 years old, but younger and that he is heavier than 175 pounds, weighing 225 pounds now and 240 pounds at the time of the listed service. Defendant goes further to say that the listed address is not his home, but an office of his employer, Affordable Electric, Inc., that he did not work at on the date indicated on the affidavit of service.

This court did not hear testimony from the individual who made the service of the original complaint so that it could verify that he did indeed serve the defendant as indicated on the affidavit of service. In the alternative, the defendant was present before this court on June 3, 2010 and he did indeed match the general description from the affidavit of service as a Caucasian male with black hair being about five foot eight inches tall. The defendant's exact age has not been indentified in his attached affidavit or in his testimony before this court. But even if the defendant was not personally served as indicated on the affidavit of service, this court believes the plaintiff properly served in good faith an agent of the defendant's employer at their office in compliance with Rule 402(a)(2)(iii).

10

*(2) When there is a challenge to personal jurisdiction of the Court, because action was filed in Philadelphia, service was on a person other than the plaintiff, in Philadelphia, but the defendant does not live in Philadelphia nor was any act, transaction or occurrence sued for by the plaintiff in Philadelphia.*

The defendant's argument is that this court lacks personal jurisdiction over him in this case due to a lack of proper service of the complaint and that no part of this matter occurred in Philadelphia County. The issue of service has been addressed in the proceeding paragraph (1) and will not be addressed in this paragraph.

The defendant argues that this court lacks personal jurisdiction over him. In general, when a party objects to exercise of personal jurisdiction by a court, the non-moving party bears the burden of demonstrating "contacts with the forum state sufficient to justify the assertion of personal jurisdiction." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This burden was met by the plaintiff by proving the American Express bill listing the defendant's address for the account in question as 8001 Castor Ave., Legal Suite # 532, Phila. PA 19152." This establishes a connection to Pennsylvania and Philadelphia itself. The defendant does not dispute this account being his, but the charges made on the account.

While this court believes the plaintiff has met their burden establishing sufficient contact with the forum state, testimony by the defendant in court only strengthens the fact that this court properly exercised personal jurisdiction over him. The defendant admitted at the hearing

before this court that he is a resident of Pennsylvania, producing a Pennsylvania driver's license and stating his address as "327 Cold Spring Road... Southampton, PA 18966, and [he's] lived there for four years." He did not dispute his residency or that he opened the account with American Express, thus this court finds their exercising personal jurisdiction over the defendant to be proper.

*(3) The petition and answer were moved by the plaintiff judgment creditor without sworn testimony, and the defendant judgment debtor appear at the hearing and presented evidence, of no personal jurisdiction, improper service and a meritorious defense, but the plaintiff judgment creditor did not appear to present counter evidence, and the court prevented defendant from presenting all evidence by ending the hearing before all evidence was presented.*

In a proceeding to open a default judgment, it is the burden of the moving party who failed to timely answer the complaint to provide evidence for the court to consider in opening the judgment. Pa.R.C.P. §237.3 (b). This court's ruling refusing to open a default judgment will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion. *Balk v. Ford Motor Company*, 446 Pa. 137, 140, 285 A.2d 128, 131 (1971); *DiNenno v. Great Atlantic and Pacific Tea Company*, 245 Pa. Super. 498, 500, 369 A.2d 738, 739 (1976).

The first part of the defendant's final argument is that the petition and answer were moved by the plaintiff judgment creditor without sworn testimony. This court does not believe a sworn deposition or affidavit would be necessary in this case due to the verification in the petition

and answer. In any event, this issue was not raised in the court below and cannot be raised for the first time on appeal. See Rule 302 Pa. R.A.P.

Similarly, defendant did not object or make any notation on the record concerning the plaintiff's failure to appear at the June 3, 2010 hearing. The record from that hearing reflects the plaintiff's failure to appear and also their filing of a brief in opposition to the opening of the default judgment in this case. The plaintiff filed their responsive brief on May 7, 2010 and it was docketed May 10, 2010 in the proper time period as required by this court's rule to show cause on May 5, 2010. Again, this issue was not raised in the court below and cannot be raised for the first time on appeal. See Rule 302 Pa. R.A.P.

The final part of the defendant's third argument is that this court ended the hearing before all evidence was presented. In a filing of a petition to open a default judgment, it is within the powers of equity that this court reviews such petitions and it is firmly a matter of judicial discretion. At the June 3, 2010 hearing before this court, the defendant submitted evidence concerning the lack of proper service by contesting the affidavit of service provided by the plaintiff, arguing against this court's jurisdiction due to the alleged duplicative suit in Bucks County, and that he had a good defense that he did not owe the money claimed by American Express. The testimony and evidence presented at the hearing, coupled with the defendant's petition to open a default judgment and the plaintiff's opposition brief were all before this court in their review prior to issuing the order denying defendant's request.

Defendant did not object on the record to the conclusion of the hearing after the submission of this evidence and testimony. Due to that fact this court believes this issue was not raised in the court below and cannot be raised for the first time on appeal. See Rule 302 Pa. R.A.P. Beyond the lack of objection, the defendant's answer attached to the petition was very sparse due to the fact that it was a limited answer filed only to object to personal and subject matter jurisdiction. The filing of such an answer was procedurally proper, but left this court with very little evidence to assert a meritorious defense in the case. Preliminary objections were also attached along with the answer, but the rules do not provide for them to be attached to the petition, so they were not reviewed by this court in making its decision.

## CONCLUSION

Overall, the record shows that defendant did not fulfill all of the requirements that are necessary in order to open a default judgment. This court found that no meritorious defense existed to persuade the entry of an order opening the default judgment, and defendant's petition to open judgment was denied.

Finally, defendant has waived all issues for appellate review by failing to properly submit a Rule 1925(b) statement after being ordered to do so by this Court. *See In re L.M.*, 923 A.2d 505, 509-10 (Pa. Super. Ct. 2007) (stating that "[i]f an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived," but finding no waiver were notice of the Rule 1925(b) order was never docketed). Here, notice

14

under Rule 236 of the Rule 1925(b) order was docketed on August 5, 2010. Defendant has not requested an extension of time to file its Rule 1925(b) statement. Defendant did serve a copy on this court, but the docket does not reflect a Rule 1925(b) statement ever being docketed.

Accordingly, for the reasons stated above, this appeal should be Denied.