**WELLS FARGO BANK, N.A., Appellee**

v.

**Mary A. VANMETER a/k/a Mary A. Van Meter, and Edwin M. Vanmeter a/k/a Edwin M. Van Meter, Appellants.**

Superior Court of Pennsylvania.

Submitted March 20, 2013.

Filed May 14, 2013.

---

Andrew J. Katsock, III, Wilkes–Barre, for appellants.

Steven J. Adams, Reading and Christine M. Kovan, King of Prussia, for appellee.

BEFORE: GANTMAN, ALLEN, and OTT, JJ.

OPINION BY ALLEN, J.:

Mary A. Vanmeter a/k/a Mary A. Van Meter, and her husband, Edwin M. Vanm-

eter a/k/a Edwin M. Van Meter, ("Appellants"), appeal from the trial court's order denying their petition to open or strike the default judgment entered in favor of Wells Fargo Bank, N.A. ("Bank"). We affirm.

◼ Our review of the record reveals that Bank filed a mortgage foreclosure action against Appellants on May 28, 2010. *See generally* Bank's Complaint in Mortgage Foreclosure, 5/28/10. Bank averred that Appellants had defaulted on their mortgage by failing to make monthly payments of principal and interest since February 1, 2010. *Id.* at 3. The mortgaged premises were located at 512 Thomas Street, Stroudsburg, PA 18360. *Id.* The complaint included a notice to defend, which stated in pertinent part:

> You have been sued in Court. If you wish to defend against the claims set forth in the following pages, **you must take action within twenty (20) days after this Complaint and Notice are served** by entering a written appearance personally or by attorney and filing in writing with the Court your defense or objections to the claims set forth against you. **You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

*Id.* at 2 (emphasis supplied).

The complaint was served on Appellants on June 4, 2010, and the Sheriff's return of service was filed on June 11, 2010. *See* Sheriff's Return of Service, 6/11/10. Appellants did not file an answer to the complaint. On July 20, 2010, Bank filed a

praecipe for in rem judgment against Appellants, which stated:

I hereby certify that (1) [Appellants'] last known address is 10854 SOUTHWEST MEETING STREET, PORT SAINT LUCIE, FL 34987–2158, and mortgaged premises located at 512 THOMAS STREET, STROUDSBURG, PA 18360–2125, and (2) **that notice has been given in accordance with Rule 237.1, copy attached.**

Bank's Praecipe for In Rem Judgment for Failure to Answer and Assessment of Damages, 7/20/10, at 2 (emphasis supplied). Bank appended copies of the four separate ten-day notices of intent to enter a default judgment, which Bank sent to Appellants. *Id.* The ten-day notices were dated June 25, 2010. *Id.* Two of the notices were individually addressed to Mrs. Vanmeter at her Pennsylvania and Florida addresses, and the remaining two notices were addressed specifically to Mr. Vanmeter at his Pennsylvania and Florida addresses. *Id.*

The docket reflects that a default judgment was entered against Appellants on July 20, 2010, and copies of the judgment were sent to Bank's counsel and to Appellants. *See* Monroe County Pennsylvania Docket entries, 6/8/12, at 2. On August 27, 2010, Bank sought, and received, a writ of execution of the default judgment. *Id.* The writ of execution was reissued on February 3, 2012. *Id.* A notice of sale regarding the mortgaged premises was filed on February 22, 2012.

On March 19, 2012, Appellants filed a petition to strike or open the July 20, 2010 default judgment. In their petition, Appellants averred that "[b]efore entering the judgment by default against [Appellants], [Bank] failed to provide [Appellants], nor did [Bank] file with this Court, the 10 day Notice of Default required by Pa.R.C.P. 237.5." Appellants' Petition to Strike or Open Default Judgment, 3/19/12, at 2. Appellants maintained that "[t]he default judgment must be opened since there exists material issues of fact as to the allegations set forth in the Complaint in Mortgage Foreclosure." *Id.* at 3. Appellants further averred that they have "a meritorious defense to the default judgment entered ... [and that] [t]here is sufficient evidence of the meritorious defense raised by [Appellants] to require submission of the issue to the jury." *Id.* at 3–4.

Bank's response to Appellants' petition averred that "[Appellants] did not file an Answer to [Bank's] Complaint after being served on June 4, 2010, have failed to make a mortgage payment under the terms of the Mortgage since February 1, 2010[,] and have otherwise failed to take any action to cure the arrears or resolve this matter with [Bank] until the instant Petition." Bank's Response to [Appellants'] Petition to Strike and/or Open Default Judgment, 5/3/12, at 3. Following arguments on Appellants' petition, the trial court denied Appellants' petition by order entered on May 9, 2012. Appellants filed a timely notice of appeal. Appellants and the trial court have complied with Pa. R.A.P.

Appellants present the following issues for our review:

Whether the default judgment entered against the Appellants violated Pennsylvania Rules of Civil Procedure 237 et seq. and is therefore void?

Whether the trial court erred and abused its discretion by denying Appellants' petition to open the judgment entered by default?

Appellants' Brief at 4.

■ Initially, we recognize that trial courts can apply legal or equitable principles in reviewing petitions to strike or

open default judgments. *See Aquilino v. The Philadelphia Catholic Archdiocese,* 884 A.2d 1269, 1283 (Pa.Super.2005). Since Appellants' issues relate to the trial court's exercise of its equitable powers, we will not disturb the trial court's denial of Appellants' petition absent a misapplication of the law or a clear abuse of discretion by the trial court. *See Boatin v. Miller,* 955 A.2d 424, 427 (Pa.Super.2008).

Appellants contend that the trial court erred in denying their petition to strike the default judgment because the judgment "violated Pennsylvania Rules of Civil Procedure 237 et seq. and is therefore void." Appellants' Brief at 7.

Pennsylvania Rule of Civil Procedure 237 delineates the procedure for the notice of praecipe for final judgment. Pa.R.C.P. 237.1(a) specifically provides:

(2) No judgment . . . by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered . . .

\* \* \*

(ii) . . . after the failure to plead and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered . . .

Pa.R.C.P. 237.1(a)(2)(ii).

In the instant case, the trial court offered the following analysis relative to Appellants and Pa.R.C.P. 237 et seq.:

[ ] A petition to strike a judgment will only be granted where a fatal defect in the judgment is apparent on the face of the record. *See Williams* [*v. Wade* ], 704 A.2d [132], 134 [ (Pa.Super.1997) ] (*quoting U.K LaSalle, Inc.* [*v. Lawless,* 421 Pa.Super. 496], 618 A.2d [447], 449 [ (Pa.Super.1992) ] ).

Here, the record shows that [Bank] did send the ten day notice of intention to take default judgment required by Rule 237.5. The docket reflects that these notices were sent to both [Appellants], at the mortgaged premises address of 512 Thomas Street, Stroudsburg, Pennsylvania and to 10854 South West Meeting Street, Port Saint Lucie, Florida, 34987–2158. *See* Pl. Praecipe for Entry of Default J[udgment]. [Appellants] had been properly served with a copy of the complaint by being given a copy of the same at the Sheriff's Office on June 4, 2010. [Appellants] did not provide any other address of record for service of pleadings and notices. *See* Pa.R.Civ. P. 440(a)(2). Although [Appellants] may not have actually received the notices, that is not [Bank's] burden. [Bank] is required to mail the notices to the appropriate address of [Appellants]. The only address of record for [Appellants] in this case is that of the mortgaged premises. The Petition to Strike the Judgment will be denied.

Trial Court Opinion, 5/9/12, at 1–2.

We agree with the trial court. Contrary to Appellants' arguments, Pa.R.C.P. 237 did not require Bank to file the ten-day notice of its intent to seek a default judgment with the court. *See* Pa.R.C.P. 237. Bank only had to certify in its praecipe to enter default judgment that the notice had been provided to Appellants in writing, at least ten days prior to the filing of Bank's praecipe. *Id.* Bank was further obligated to attach to its praecipe a copy of the ten day notice. *See* Pa.R.C.P. 237.1(a)(3). Our review of Bank's praecipe to enter default judgment reveals that Bank complied with Pa.R.C.P. 237. Moreover, Appellants acknowledged in their petition that "[Bank] apparently attempted to serve the Notice of Default on [Appellants] at 512 Thomas Street, Stroudsburg, Pennsylvania, 18360." Appellants' Petition to

Strike or Open Default Judgment, 3/19/12, at 2. Appellants conceded that "the default judgment was mailed by [Bank] to an address where [Appellants] were not residing . . ." *Id.* Based on the foregoing, we do not find a "fatal defect in the judgment [that] is apparent on the face of the record," such that Appellant's would be entitled to strike the default judgment. *See Central Penn National Bank v. Williams,* 362 Pa.Super. 229, 523 A.2d 1166, 1168–1169 (1987) (trial court's denial of a petition to strike a default judgment affirmed despite appellant's contention that it did not actually receive ten day notice of plaintiff's intent to praecipe for entry of default judgment).

 Appellants further contend that "the trial court erred and abused its discretion by denying Appellants' petition to open the [default] judgment[.]" Appellants' Brief at 4. To open a default judgment, the movant must promptly file a petition to that effect, must plead a meritorious defense to the claims raised in the complaint, and provide a reasonable excuse for not filing a responsive pleading. *See Seeger v. First Union National Bank,* 836 A.2d 163, 165 (Pa.Super.2003).

The trial court in this case additionally explained:

> Here, the petition to open was not filed for twenty months after the default judgment was taken. This was not a prompt filing. *See, e.g., McCoy v. Pub. Acceptance Corp.* [451 Pa. 495], 305 A.2d 698, 700 (Pa.1973) (finding two and one-half week delay in filing petition to open after default was not prompt filing). Further, [Appellants] have not shown that they have a defense to the merits of the mortgage foreclosure action either in their petition or in attached answer. *See Boatin v. Miller,* 955 A.2d 424, 429 (Pa.Super.2008) (explaining "that in order to state a meritorious defense, a petitioner need only allege a defense

that entitles him to a judgment in his favor, if proven at trial"). Lastly, [Appellants'] excuse for not filing an answer is not a reasonable one. They received the complaint at the sheriff's office. The notices of intention to take default judgment were sent to both the address of the mortgaged premises and [Appellants'] address in Florida. If they were not at the Stroudsburg address for substantial periods of time, some arrangements should have been made for the forwarding of their mail. If they had moved from the Florida address, it was incumbent upon them to file something of record to indicate where they wanted their legal notices sent.

Trial Court Opinion, 5/9/12, at 3.

Our review of the record and applicable case law comports with the trial court's denial of Appellants' petition to open the July 20, 2010 judgment. After waiting approximately 20 months to seek the opening of the July 20, 2010 judgment, Appellants only averred generally that they had a meritorious defense to the underlying claim, but provided no details to support their averment. *See* Appellants' Petition to Strike or Open Default Judgment, 3/12/12. Pennsylvania Rule of Civil Procedure 206.1(b) states that an application to open a default judgment ". . . shall specify the relief sought and state the material facts which constitute the grounds therefor." *See* Pa.R.C.P. 206.1(b). Appellants acknowledge that "[t]he meritorious defense **must be set forth in specific concise terms.**" Appellants' Brief at 14 (internal citations omitted) (emphasis supplied). Despite this acknowledgment, Appellants did not comply with this requirement in their petition. In their brief, Appellants only provide minimally more information by contending that "discovery and/or evidentiary proceedings would have disclosed relevant evidence

concerning payments and credits that [Appellants] were entitled to on the mortgage, and specific negotiations with representatives of [Bank] ..." *Id.* However, even if true, this contention is insufficient to defeat Bank's entitlement to judgment at law. *See First Wisconsin Trust Co. v. Strausser,* 439 Pa.Super. 192, 653 A.2d 688, 694–695 (1995) (to defeat a mortgagor's entitlement to a judgment at law, mortgagee must raise a defense that assails the existence and validity of the mortgage).

Moreover, Appellants' explanation for their failure to file a timely responsive pleading is deficient. Appellants do not deny that they were served with Bank's complaint seeking to foreclose on Appellants' mortgage, and which contained a notice to defend. The notice to defend admonished Appellants that "a judgment may be entered against you by the Court without further notice" and that "[y]ou may lose money or property or other rights important to you." Bank's Complaint in Mortgage Foreclosure, 5/28/10, at 2. Notwithstanding this warning, Appellants never answered the complaint, and their petition did not explain their lack of response. Appellants expect us to disregard that default judgments are valid where a party, once served, fails to answer or defend a suit filed against them. We cannot do so. *See Romeo v. Looks,* 369 Pa.Super. 608, 535 A.2d 1101 (1987) (affirming trial court's denial to reopen judgment where complaint validly served).

In sum, we find that the trial court neither misapplied the law nor abused its discretion. *Boatin, supra.* The July 20, 2010 judgment was not fatally defective. Additionally, Appellants' petition was untimely and lacked the requisite showing that Appellants had a meritorious defense to the underlying action and a reasonable explanation for their failure to file a re-

sponsive pleading. We therefore affirm the trial court's order denying Appellants' petition to strike or open the July 20, 2010 default judgment.

Order affirmed.