J-A02026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HARLEYSVILLE MUTUAL INS. CO. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RACHELLE SOLOMON | |
| Appellant | No. 1623 EDA 2014 |

Appeal from the Order Entered on May 7, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No.: 2013-08342

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED APRIL 23, 2015**

Rachelle Solomon appeals the May 7, 2014 order denying her petition to open the default judgment that was entered against her on June 17, 2013.  We affirm.

Harleysville Mutual Insurance Company ("Harleysville") commenced the underlying action following a motor vehicle collision between Solomon and a street sweeper insured by Harleysville.  The trial court summarized the factual and procedural history of this case as follows:

> Harleysville Mutual Insurance Company filed suit against Rachelle Solomon seeking damages based upon the amounts paid by Harleysville on behalf of its insured, Industrial Grounds Maintenance ("Industrial or "the Insured"), as outlined in Harleysville's complaint.  According to the complaint, [Solomon] was driving negligently when she struck the rear of the Insured's vehicle.  Harleysville settled the damage claim of Industrial for $25,882.67.  Under the insurance policy, Harleysville asserts [that] it is subrogated to Industrial for the amount it paid on Industrial's behalf as a result of the collision caused by Solomon.

In this litigation, Harleysville seeks to recover the amount paid on behalf of Industrial—$25,882.67—from Solomon.

Harleysville filed and served the complaint on Solomon and she failed to file a timely response. The relevant timeline is as follows:

| | |
|---|---|
| 4/10/2013 | Complaint filed. |
| 5/6/2013 | Solomon served on 5/6/2013, Sheriff's return of service showing date of service as 5/6/2013 was docketed 5/9/2013.[1] |
| 6/17/2013 | Default judgment entered.[2] |
| 6/17/2013 | Pa.R.C.P. 236 notice mailed. |

---

[1] The proof of service filed of record indicates that the recipient of service was one Carol Puzzella (the spelling may be incorrect due to illegibility), who was served on May 6, 2013, at the address provided on the Order for Service. The Sheriff unsuccessfully attempted service first on April 30, 2013, and left a note for Solomon. On May 2, 2013, the Sheriff again attempted service but failed, observing that the note was no longer where the Sheriff left it. The named recipient of the service rendered on May 6, 2013, was described as a "PIC," presumably indicating that Puzzella was the "person in charge" of Solomon's residence. As such, absent a showing to the contrary, Puzzella was an appropriate recipient of service under Pa.R.C.P. 402(a)(2)(1), which permits service by handing the complaint to "an adult person in charge of" "the residence of the defendant." Solomon does not allege that service was not effectuated upon Puzzella, that Puzzella was not a proper recipient of service under Rule 402(a)(2)(1), or that the complaint was not conveyed by Puzzella to Solomon. Accordingly, we assume that service was properly rendered, and that Solomon knew that she had been named as a defendant in the instant suit within the period during which she could respond timely.

[2] According to Solomon, on June 11, 2013, after service of the instant complaint and shortly before default judgment was entered in the instant matter, she filed a separate suit against the driver of the street sweeper and Industrial at a different docket number. Brief for Solomon at 7. Still later, on August 7, 2013, the driver of the street sweeper filed his own suit against Solomon. *Id.*

| | |
|---|---|
| 7/2/2013 | Entry of Appearance of Marc F. Greenfield, Esq., for Solomon. |
| 7/2/2013 | Answer and New Matter to the complaint filed by Solomon.[3] |
| 8/19/2013 | Petition to open/strike judgment filed by Solomon. |
| 9/5/2013 | Harleysville's reply to the petition to open/strike. |
| 3/14/2014 | Order scheduling argument for April 24, 2014. |
| 5/7/2014 | Order denying petition to open/strike. |

Default judgment for failure to answer the complaint was entered on June 17, 2013. More than two months later, Solomon filed the petition to open/strike judgment. After argument, and reviewing the filings in this matter, the court denied Solomon's petition.

Trial Court Opinion, ("T.C.O."), 8/11/2014, at 1-3 (footnotes omitted; modified for clarity).

On May 30, 2014, Solomon timely filed a notice of appeal. On June 4, 2014, the trial court directed Solomon to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Solomon timely filed her Rule 1925(b) statement on June 23, 2014. On August 11, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).[4]

---

[3] In tandem with Solomon's answer, Solomon also sought to consolidate the three matters spawned by the accident.

[4] While Solomon's concise statement was filed in a timely manner, the trial court noted that Solomon failed to comply with Rule 1925(b). T.C.O., 8/11/2014, at 4. The court noted that, "[r]ather than providing a concise
*(Footnote Continued Next Page)*

Solomon raises the following issue for our review: "Did the court improperly deny [Solomon's] [p]etition to [o]pen/[s]trike [d]efault [j]udgment in this matter?" Brief for Solomon at 4. Preliminarily, we note that Solomon provided no argument in her petition in support of striking the default judgment. Furthermore, Solomon notes in her brief that, she "cannot confirm that the [d]efault [j]udgment was properly taken in this matter. [Solomon] has no evidence that it was not. Accordingly, [Solomon] is only arguing that the [d]efault [j]udgment should be [o]pened based upon the equities of the situation." Brief for Solomon at 13 n.7. Therefore, this Court will consider only the merits of Solomon's equitable challenge to the trial court's refusal to open the judgment.

The legal standard governing our review is as follows:

A petition to open a default judgment is addressed to the equitable powers of the court and the trial court has discretion to grant or deny such a petition. The party seeking to open the default judgment must establish three elements: (1) the petition to open or strike was promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim. The court's refusal to open a default judgment will not be reversed on appeal unless the trial court abused its discretion or committed an error of law. An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. Moreover, [the Superior]

_(Footnote Continued)_ ───────────────

statement, [Solomon] instead filed a narrative of events in a numbered paragraph form." **_Id._** We agree. However, the trial court elected to address the issue that Solomon raises on appeal. Accordingly, we will review the trial court's decision on the merits.

- 4 -

Court must determine whether there are equitable considerations [that] weigh in favor of opening the default judgment and allowing the defendant to defend the case on the merits. Where the equities warrant opening a default judgment, [the Superior] Court will not hesitate to find an abuse of discretion.

**Stabley v. Great Atl. & Pac. Tea Co.**, 89 A.3d 715, 719 (Pa. Super. 2014)

(citation omitted). Critically, "the trial court cannot open a default judgment

based on the 'equities' of the case when the defendant has failed to establish

**all three of the required criteria**." **Myers v. Wells Fargo Bank, N.A.**,

986 A.2d 171, 176 (Pa. Super. 2009) (emphasis added).

With regard to the first element that Solomon must prove—that the

petition to open was promptly filed—the trial court explained as follows:

> Establishing that the petition to open was promptly filed is one of the requirements in order to obtain relief from a default judgment. There is no established statutory time limit within which a petition to open must be filed in order to be considered timely. Appellate court decisions, however, have found petitions to open filed less than one month after entry of a default judgment to be prompt. **See Kelly v. Siuma**, 34 A.3d 86, 92 (Pa. Super. 2011) (citations omitted). Further, whether a petition to open is promptly filed "is measured from the date that notice [is received of the entry of default judgment]." **Alba v. Urology Associates of Kingston**, 598 A.2d 57, 58 (Pa. Super. 1991) (citing **Ruczynski v. Jesray Constr. Corp.**, 326 A.2d 326, 328 (Pa. 1974)).
>
> The record reflects that Solomon was served with the complaint on May 6, 2013. Forty-two days later, default judgment was entered on June 17, 2013, along with an affidavit of non-military service, notice pursuant to Pa.R.C.P. 236, and a copy of the ten-day-notice. Solomon's petition to open, filed sixty-three days after entry of default judgment on August 19, 2013, was clearly untimely. As provided in **Kelly**, "[i]n cases where the appellate courts have found a 'prompt' and timely filing of the petition to

> open a default judgment, the period of delay has normally been less than one month." 34 A.2d at 92 (citations omitted).

T.C.O., 8/11/2014, at 7-8 (footnote omitted; modified for clarity).

We agree with the trial court that delays in excess of a month—and, not infrequently, delays of less than a month—have resulted in determinations of untimeliness. *See, e.g., Wells Fargo Bank, N.A., v. Vanmeter*, 67 A.3d 14, 18 (Pa. Super. 2013) (noting that, in *McCoy v. Pub. Acceptance Corp.*, 305 A.2d 698, 700 (Pa. 1973), a two and one-half-week delay was deemed insufficiently prompt); *Kelly*, *supra*. Although we have identified no cases that address the situation presented in this case, where the defendant filed an untimely answer in lieu of a petition to open on July 2, 2014 (fifteen days after entry of default judgment), we are aware of no precedent, nor any equitable principle, that requires us to grant clemency for that misstep when the defendant does not file a petition to open until approximately eight weeks after the entry of judgment, especially when, during the interim, counsel learned at least of the existence of the complaint and filed an answer thereto, evidently without first consulting the docket. Indeed, that Solomon's counsel evidently understood as early as July 2, 2014, that an action was pending that required a response undermines the notion of promptness: To have filed an answer in a previously overlooked action without having consulted the docket to determine the case's procedural posture appears to us to be a material error of omission.

Accordingly, we find no abuse of discretion in the trial court's determination that Solomon's petition was not promptly filed.

The second prong of the standard for opening a default judgment requires that Solomon demonstrate that she had a reasonable excuse or explanation for failing to file a responsive pleading in the time allotted. Solomon's argument attributes her delay to a lack of professional courtesy on the part of opposing counsel. Specifically, she submits, without any support in the record, that the parties had been engaged in discussions as early as December of 2011, yet Harleysville did not alert counsel that it was filing suit or, later, that it was seeking a default judgment in the absence of a timely responsive pleading. Brief for Solomon at 5; *see also* Brief for Solomon at 6-7 ("The only reason a more timely Petition to Open Default Judgment was not filed was because Appellant's counsel initially filed an Answer to the Complaint [that] was accepted by the [trial c]ourt and had no reason to believe, therefore, [that] a default judgment had been entered."). Because counsel did not receive the putative courtesy of a direct communication regarding the filing of the complaint, nor informal notice of the default,[5] Solomon argues that she acted reasonably in filing an untimely answer rather than a petition to open. *Id.* at 13-17.

_____

[5] Because counsel for Solomon did not enter an appearance on behalf of Solomon until after the entry of a default judgment, we are unaware of any rule requiring notice to counsel of any legal actions Harleysville took against Solomon. Solomon concedes the absence of such a rule. Brief for Solomon
*(Footnote Continued Next Page)*

- 7 -

Taking Solomon's claims at face value—not least, because they are not disputed by Harleysville—we do not disagree that the events described suggest what might fairly be identified as sloppiness or discourtesy on the part of Harleysville, although we are unwilling on this record to credit Solomon's assertion that this was part and parcel of a "pattern of behavior" designed to prevent Solomon's counsel from knowing about the suit, **see id.** at 14, ignorance more fairly attributed to Solomon, who failed to apprise her own attorney that she had been served with the instant complaint.[6] To the extent that Solomon and Harleysville had engaged in discussions concerning the underlying incident, it would seem reasonable to expect such courtesy. However, we are unaware of any rule that required Harleysville to act differently than it did. Moreover, that Solomon does not challenge the propriety and adequacy of service, highlights the fact that, despite having

_(Footnote Continued)_ _____

at 14 ("Even though there is no legal requirement to provide notice of something of this nature, the silence in failing to provide [Solomon's] counsel notice that a [d]efault [j]udgment was filed continued a pattern of behavior from [Harleysville's] counsel where they purposefully kept quiet in hopes of not having [Solomon's] counsel learn of the posture of this case.").

[6] Solomon claims that, during argument before the trial court, which was not transcribed, Harleysville described its failure to provide notice to Solomon's counsel as a product of "inadvertent neglect." Brief for Solomon at 14 n.8. This provides just one of numerous instances in which Solomon describes events and exchanges that occurred at the untranscribed proceedings. **See id.** at 5 n.1, 6 n.4, 7 n.5, 8 n.6, 14. We may not consider any evidence that is not found in the certified record. **In re J.C.**, 5 A.3d 284, 288 (Pa. Super. 2010). Accordingly, these comments are of no use to us.

received the complaint, and despite already having retained counsel in connection with the related lawsuits, she failed to inform her attorney of the pending complaint in a timely fashion.[7]

In light of these events, the trial court concluded as follows:

[Solomon] has established no reasonable excuse for her failure to file a timely answer to the complaint. The complaint included the requisite notice to plead. The notice language on the complaint's cover sheet specifically included the warning that by failing to take action within twenty days, "the case may proceed without you and a judgment may be entered against you by the court." The record provides that [a person in charge of Solomon's residence] was served with the complaint by the Sheriff on May 6, 2013. There is no explanation for [Solomon's] lack of response. There is also nothing of record to explain the delay between the entry of default judgment on June 17, 2013, and the filing of the petition to open sixty-three days later on August 19, 2013.

Further, [Solomon's] attorney claims that in preparing to draft a motion to consolidate the within matter with a related action filed by Solomon captioned **Solomon v. Mamadou**, he became aware of the default judgment. Clearly, Solomon's attorney was aware of the present case because he was preparing to file a motion to consolidate. . . . [Solomon] has provided no reasonable excuse for her failure to file a timely answer to the complaint.

T.C.O., 8/11/2014, at 9-10 (footnotes omitted; modified for clarity).

_____

[7] This is reinforced by the fact that Solomon's counsel has indicated that he only learned of the instant lawsuit when he was reviewing dockets in preparing a motion to consolidate the three cases—*i.e.*, that even as of some period spanning May 6, 2013, when she received service, June 11, 2013, when she filed her own suit, and July 2, 2014, when counsel filed her untimely answer, she had not yet informed her attorney that she had been served with the instant complaint.

While the trial court determined that Solomon also had failed to establish the final element—the showing of a meritorious defense—we need not review that conclusion. Because the trial court did not abuse its discretion in finding that Solomon failed to satisfy the other two elements required to prevail on her petition to open, she is not entitled to relief independently of the merit of her proposed defense. **See *Myers***, 986 A.2d at 176. While the unusual circumstances of this case give us pause, in light of the case's timeline and the soundness of the trial court's reasoning, we do not find that the court abused its discretion in denying Solomon's petition to open.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2015