J-A12003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EASTCOAST FINANCIAL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON A. YELVERTON | : | |
| | : | |
| Appellant | : | No. 1975 EDA 2017 |

Appeal from the Order Entered May 15, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 050301796

BEFORE: BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 15, 2018**

Aaron A. Yelverton appeals *pro se* from the order that denied his motion

to set aside sheriff's sale and his petition to open judgment.[1]  We affirm.

The trial court summarized the history of the case as follows.

> On March 15, 2005, [EastCoast] Financial, LP [("EastCoast")] filed a mortgage foreclosure complaint related to a property located at 1601 West Alleghany Avenue, Philadelphia, PA 19132.  On August 22, 2006, [EastCoast], filed a motion for summary judgment to which [Mr. Yelverton] failed to respond. Therefore, on September 26, 2006, [EastCoast] obtained a default entry of summary judgment *in rem* in its favor.
>
> Nearly ten years later, on April 4, 2016, [EastCoast] assigned all its interest in the Mortgage, Note, and Judgment to Plaintiff IS Allegheny, LLC ("Plaintiff").  On June 1, 2016, Plaintiff filed a praecipe for issuance of a writ of revival, which the prothonotary issued on the same date.  [Mr. Yelverton] failed to respond to the writ of revival within the allotted 20 days. Therefore, on July 12, 2016, Plaintiff filed a praecipe for writ of

_____

[1] In the petition to open, Mr. Yelverton also requested that the judgment be stricken.

execution which the prothonotary issued in the amount of $22,597.03 plus interest and costs.

On October 4, 2016, the Sheriff sold the property to AEM Investment, LLC. After waiting the required minimum of 20 days, the Sheriff sealed and delivered the Sheriff's deed to AEM Investment, LLC on November 2, 2016.

Nineteen days after the Sheriff delivered the deed, on November 21, 2016, [Mr. Yelverton] filed a motion to set aside sheriff's sale and a petition to strike/open default judgment. On May 15, 2017, the trial court denied [the motion and the petition]. On June 14, 2017, [Mr. Yelverton] filed this timely appeal.

Trial Court Opinion, 10/27/17, at 1-2 (unnecessary capitalization omitted).

Mr. Yelverton presents a litany of questions which, in essence, challenge the trial court's refusal (1) to set aside the sale and (2) to open or strike the default judgment. Appellant's brief at unnumbered 1. We begin our review with the legal principles applicable to the former.

"The decision to set aside a sheriff's sale is within the sound discretion of the trial court, and the court's decision will not be reversed on appeal unless there is a clear abuse of such discretion." *Merrill Lynch Mortg. Capital v. Steele*, 859 A.2d 788, 791 (Pa.Super. 2004).

"Upon petition of any party in interest before delivery of . . . the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Pa.R.C.P. 3132. Hence, the general rule is that "a petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed." *First Union Nat. Bank v.*

*Estate of Shevlin*, 897 A.2d 1241, 1246 (Pa.Super. 2006) (internal quotation marks omitted). However, an untimely petition filed after the deed is delivered may be granted "based on fraud or lack of authority to make the sale." *Mortg. Elec. Registration Sys., Inc. v. Ralich*, 982 A.2d 77, 80 (Pa.Super. 2009).

The trial court offered the following explanation for its decision to deny Mr. Yelverton's motion.

> Here, [Mr. Yelverton] filed an untimely [mo]tion to set aside the Sheriff's sale because it was filed 19 days after the Sheriff delivered the deed on November 2, 2016. Regardless of any potential procedural deficiencies such as an alleged lack of service or notice, [Mr. Yelverton's] petition was post-delivery of the deed and thus patently untimely. Therefore, the trial court properly denied [Mr. Yelverton's] motion to set aside sheriffs sale as untimely.[1]
>
> _____
> [1] The trial court notes that [Mr. Yelverton] does not allege fraud in the Sheriff's sale, that the Sheriff lacked authority to make the sale, or, at least for purposes of the motion to set aside sheriff's sale, that the judgment underlying the execution was void on its face.

Trial Court Opinion, 10/27/17, at 3 (unnecessary capitalization omitted).

Rather than discussing the appropriate law or arguing how the trial court failed to apply it properly, Mr. Yelverton in his brief offers a narrative of the litigation of the foreclosure action in 2006, detailing complaints about EastCoast and his purported lack of notice or receipt of various documents. Appellant's brief at unnumbered 4-9. Specifically, Mr. Yelverton complains that he did not have a full opportunity to oppose EastCoast's motion for summary judgment because the attorney who was representing him at the

time did not forward the motion to him or discuss the litigation with him. *Id*. at 7, 9.

None of Mr. Yelverton's arguments convinces us that the trial court committed an error of law or an abuse of discretion in declining to set aside the 2016 sheriff's sale after delivery of the deed. *See*, *e.g.*, *Ralich*, *supra* at 80 ("[M]ere insinuation of improprieties and vague assertions of conspiratorial efforts worked upon the Sheriff's Office are insufficient to support court intervention post-delivery.") (internal quotation marks omitted). We discern no basis for disturbing the trial court's denial of the motion to set aside the sale.

We next consider whether Mr. Yelverton is entitled to relief regarding the denial of his 2016 petition to strike or open the *in rem* judgment entered against him in 2006. Our review is for an abuse of discretion or an error of law. *Wells Fargo Bank, N.A. v. Vanmeter*, 67 A.3d 14, 17 (Pa.Super. 2013).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered. In determining whether fatal defects exist on the face of the record for the purpose of striking a judgment, a court may look only at what was in the record when the judgment was entered.

*ANS Assocs., Inc. v. Gotham Ins. Co.*, 42 A.3d 1074, 1076 (Pa.Super. 2012). "If the record is self-sustaining, the judgment will not be stricken.

However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike." ***Lechowicz v. Moser***, 164 A.3d 1271, 1274 (Pa.Super. 2017).

A trial court applies a three-prong test to determine the propriety of opening a judgment:[2] "the movant must promptly file a petition to that effect, must plead a meritorious defense to the claims raised in the complaint, and provide a reasonable excuse for not filing a responsive pleading." ***Vanmeter***, ***supra*** at 18.

The trial court explained its determination that neither opening nor striking the 2006 judgment was warranted as follows.

> Here, the trial court did not abuse its discretion by denying [Mr. Yelverton's] motion to strike the default judgment. [His] claim of a lack of proper service of the motion for summary judgment is contradicted by the certificate of service, which shows that [EastCoast] served a copy of a motion for summary judgment on [Mr. Yelverton's] then counsel of record, Julius Crawford at 1023 Arch Street, 2nd Floor, Philadelphia, Pennsylvania 19107 on August 3, 2006. As such, there was no fatal defect or irregularity on the face of the record. As such, the default entry of summary judgment was proper, and the trial court properly denied [Mr. Yelverton's] motion to strike the September 26, 2006 order granting summary judgment in favor of Plaintiff.

> The trial court also did not abuse its discretion by denying [Mr. Yelverton's] request to open the judgment because he failed to prove any of the three elements to grant a petition to open. First, [he] did not promptly file his petition to open. The order

---

[2] The trial court applied the law concerning the opening of a default judgment, concluding that it was equally applicable when summary judgment was entered by default. Trial Court Opinion, 10/27/17, at 3 n.2 (citing ***Hepler v. Urban***, 544 A.2d 922 (Pa. 1988)). Neither party disagrees, and we see no reason to apply a different standard.

granting summary judgment in favor of [EastCoast] was entered on September 26, 2006, whereas [Mr. Yelverton's] petition to open was not filed until more than 10 years later, or April 21, 2017. Second, in light of the proof of service of the motion for summary judgment on [Mr. Yelverton's] then counsel of record in 2006, [he] offered no reasonable excuse for his delay in filing a response to Plaintiff's motion for summary judgment. Third, and most importantly, Defendant's petition did not provide the trial court with any evidence of a meritorious defense to the mortgage complaint. Thus, the trial court did not abuse its discretion by denying his petition to open the September 26, 2006 order granting summary judgment in favor of Plaintiff.

Trial Court Opinion, 10/27/17, at 4-5 (citations and unnecessary capitalization omitted).

Again, Mr. Yelverton offers no cogent argument to convince us that the trial court erred and that relief is due. Rather, he complains about Act 6 notice, the transformation of "a payday loan" to a residential mortgage, and his attorney's failure to forward documents to him. Appellant's brief at unnumbered 12-13. None of his arguments reveals a defect on the face of the record that the trial court overlooked in refusing to strike or open the 2006 judgment after it stood for ten years without complaint, was revived, the property sold, and the deed delivered to the new owner. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/18