# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 270 C.D. 2017 |
| | : | Argued: November 15, 2018 |
| Thirty-Eight Thousand Three | : | |
| Hundred and Thirty Dollars | : | |
| U.S. Currency ($38,330.00) | : | |
| | : | |
| Appeal of: Alexander Burnett | : | |

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON                    FILED: January 29, 2019

Alexander Burnett (Burnett) appeals from an order of the Court of Common Pleas of Delaware County (trial court), dated January 19, 2017. The trial court denied Burnett's petition to vacate an earlier trial court order (Petition to Vacate). The earlier trial court order, filed June 30, 2016, imposed a default judgment against Burnett for failure to respond timely to discovery requests and ordered the forfeiture of $38,330.00 in cash seized during an arrest (Default Forfeiture Order). For the reasons that follow, we reverse.

On October 7, 2015, the Pennsylvania State Police, working with the City of Philadelphia Police Homicide Unit, executed a search warrant at Burnett's residence. During this search, law enforcement seized multiple items of property,

including marijuana and $38,330.00 in cash. Law enforcement personnel arrested Burnett and subsequently charged him with multiple crimes under The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1] Pursuant to a plea agreement, Burnett pleaded guilty to possession of marijuana for personal use and possession of drug paraphernalia in violation of Sections 13(a)(31)(i) and 13(a)(32) of the Drug Act, respectively.

On January 27, 2016, the Commonwealth of Pennsylvania petitioned the trial court for forfeiture of the $38,330.00 (Forfeiture Petition), alleging that the cash was furnished or intended to be furnished by persons in exchange for a controlled substance in violation of the Drug Act. The issue before this Court has its genesis in the Commonwealth's motion to compel discovery responses, which the Commonwealth filed on June 6, 2016 (Motion to Compel). In the Motion to Compel, the Commonwealth contended that it served written discovery on Burnett on April 22, 2016, with a response date of May 22, 2016. When it did not receive timely responses, the Commonwealth contacted Burnett's counsel, who assured the Commonwealth that responses would be provided by June 2, 2016. As of the date of the Motion to Compel, however, the Commonwealth had not received responses to its written discovery. By order dated June 7, 2016, but filed June 8, 2016, the trial court granted the Motion to Compel, directing Burnett to respond fully, without objection, to the Commonwealth's written discovery within 15 days "or risk further sanction by the court." The trial court's prompt disposition of the Motion to Compel and the lack of any docket entry reflecting the contrary suggests that Burnett was not afforded an opportunity to respond to the Motion to Compel.[2] According to the

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 to -144.

[2] It appears that pursuant to Delaware County Local Rule of Civil Procedure 208.2, Burnett should have been afforded 20 days to respond to the Commonwealth's motion.

2

original record, it appears that the Commonwealth served by regular mail a copy of the June 7, 2016 order on Burnett's counsel, Gary S. Silver, Esquire, on June 10, 2016.

On June 28, 2016, the Commonwealth filed a motion for sanctions in the form of an order entering judgment on the Forfeiture Petition in favor of the Commonwealth (Sanctions Motion), contending that as of the date of its Sanctions Motion, Burnett still had not responded to the outstanding discovery in contravention of the trial court's June 7, 2016 order. The Commonwealth served the Sanctions Motion on Burnett's counsel by regular mail. The trial court granted the Sanctions Motion in the Default Forfeiture Order dated June 29, 2016, but filed June 30, 2016. In doing so, the trial court granted the Forfeiture Petition as a sanction for the failure of Burnett to comply with the June 7, 2016 order.[3] Again, the trial court's swift disposition and lack of any docket entry reflecting the contrary suggests that Burnett was not afforded an opportunity to respond to the Sanctions Motion.

Although not separately docketed, the original record in this matter includes a letter from Burnett's counsel to the trial court judge, by facsimile and dated July 1, 2016. In that letter, Burnett's counsel disclosed to the trial court judge that he only that day received the Commonwealth's Sanctions Motion by mail. Apparently unaware of the trial court's order granting the Sanctions Motion and granting the Forfeiture Petition, Burnett's counsel informed the trial court judge that he intended to seek an extension of time to respond to the Commonwealth's written discovery. He noted that the responses had been delayed due to his client's

---

[3] Pa. R.C.P. No. 4019(a)(1)(i) and (viii) provides that "a court may, on motion, make an appropriate order if" a party fails to answer or object to interrogatories or "otherwise fails to make discovery or to obey an order of court respecting discovery." Pa. R.C.P. No. 4019(c)(3) authorizes a court, when acting under Pa. R.C.P. No. 4019(a), to enter a default judgment against the disobedient party.

3

incarceration. He asked that the trial court not rule on the Sanctions Motion, which he believed was still pending. Further, he indicated that he advised the Commonwealth's counsel of his request by facsimile and voice mail.

On July 5, 2016, Burnett's counsel filed a motion, seeking an extension of time to respond to the Commonwealth's discovery requests (Extension Motion). In it, Burnett's counsel noted that Burnett had been incarcerated during the relevant period, making it difficult to secure all documents responsive to the Commonwealth's discovery requests. With its usual swiftness and notwithstanding its most recent order granting the Commonwealth the ultimate relief it sought in the matter, the trial court granted the Extension Motion on the day it was filed, allowing Burnett until July 22, 2016 to respond to the Commonwealth's discovery requests (Extension Order). Burnett actually filed with the trial court his responses to the Commonwealth's discovery requests on July 22, 2016, as allowed by the Extension Order. In addition, that same day Burnett filed an Amended Answer and New Matter in response to the Forfeiture Petition.

The next activity reflected in the docket is an order of the trial court dated November 16, 2016, scheduling a status conference for December 5, 2016.[4] There is no transcript of what transpired during the status conference. In an opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court indicated that during the conference, it informed Burnett that there was nothing before the trial court to rule upon. It, therefore, appears that the trial court scheduled and held a status conference in a matter that the trial court believed was closed.

---

[4] Neither the order nor the docket reflect what precipitated the scheduling of the status conference.

4

Thereafter, on December 27, 2016, Burnett filed the Petition to Vacate, seeking to vacate the Default Forfeiture Order. In his petition, Burnett alleged that the trial court granted the Sanctions Motion before his counsel was even aware of the motion's filing and without the trial court scheduling a hearing on the matter. Burnett further alleged that when he filed his Extension Motion, he was aware that the Commonwealth had filed its Sanctions Motion, but he did not know that the trial court had already granted it. Burnett again noted that his incarceration made it difficult to respond timely to the discovery requests. Moreover, Burnett emphasized that the trial court actually granted his Extension Motion and extended the period of time to respond to the discovery until July 22, 2016. Burnett claimed that he provided timely responses consistent with the Extension Order.

In its response, the Commonwealth took issue with Burnett's claim that he provided full and complete discovery responses on July 22, 2016. The Commonwealth also disclosed the following:

> [O]n July 25, 2016, after receiving [Burnett's] incomplete answers and document (sic), counsel for the Commonwealth called counsel for [Burnett]. At that time, counsel for [the] Commonwealth advised counsel for [Burnett] that his discovery responses were incomplete as he did not provide documentation to support his claim that money came from a legitimate source. Counsel for [Burnett] advised that he understood that the documentation were [sic] outstanding. He indicated at that time that he would provide the records and information within thirty (30) days. To date, he has not provided the requested documents.

A petition to open or vacate a judgment is an appeal to the court's discretion. *Triolo v. Phila. Coca Cola Bottling Co.*, 270 A.2d 620, 622 (Pa. 1970). A court can properly exercise such discretion to open a default judgment if (1) the petition is promptly filed, (2) a defense is shown to exist on the merits, and (3) the

5

failure to file an answer is reasonably explained or excused. *Id.*[5] By order dated January 19, 2017, the trial court denied Burnett's Petition to Vacate. In its Rule 1925(a) opinion, the trial court explains that it denied the petition because, on its face, the petition failed to meet the required elements that a moving party must show in order to prevail on a petition to open a judgment. Burnett then filed the instant appeal.

This Court's review of a trial court's denial of a petition to open judgment is limited to determining whether the trial court abused its discretion or committed an error of law. *Horner v. C.S. Myers & Sons, Inc.*, 721 A.2d 394, 396 n.4 (Pa. Cmwlth. 1998), *appeal denied*, 739 A.2d 545 (Pa. 1999). An appellate court will not reverse a trial court's refusal to open a default judgment unless the trial court abused its discretion or committed an error of law. *Alba v. Urology Assocs. of Kingston*, 598 A.2d 57, 58 (Pa. Super. 1991). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will." *Pilon v. Bally Eng'g Structures*, 645 A.2d 282, 285 (Pa. Super.), *appeal denied*, 652 A.2d 1325 (Pa. 1994).

At the outset, we are compelled to address the procedural irregularities of this matter, highlighted by a lack of clear and timely communication by all involved. Although the record does show that the Commonwealth communicated with Burnett's counsel about the delinquent discovery request prior to filing its Motion to Compel, that professional courtesy seemed to disappear once the

---

[5] The same standard applies in statutory forfeiture proceedings. *See Commonwealth v. $9,570.00 U.S. Currency* (Pa. Cmwlth., No. 5 C.D. 2013, filed May 9, 2014), slip op. at 4-5. Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

Commonwealth secured the June 7, 2016 order from the trial court, which granted that motion. In particular, with the exception of a stipulated order allowing the substitution of counsel for Burnett, the record does not reflect any communication between the Commonwealth and Burnett's counsel immediately prior to the Commonwealth's filing of its Sanctions Motion on the issue of discovery responses. Although the Sanctions Motion includes a good faith certification, as required by local rule,[6] that certification provides only that the Commonwealth served a copy of the June 7, 2016 order on Burnett by regular mail on June 10, 2016, but that Burnett still had not responded. The local rule, however, clearly required the Commonwealth, prior to filing the Sanctions Motion, to reach out to Burnett's counsel to see whether it could *avoid filing the Sanctions Motion*. Based on our review of the original record, the Commonwealth made no such effort. Instead, the good faith certification attached to the Sanctions Motion merely restates the basis on which the Commonwealth sought relief in the motion itself.

Worse still, however, is the unexplained speed with which the trial court disposed of the Commonwealth's motions, without the benefit of any response from Burnett and seemingly in contradiction with the practice set forth in the local rules. There is no exigency apparent from our review of the record in this run-of-the-mill statutory civil forfeiture proceeding. The trial court's quick disposition of the Commonwealth's motions, however, coupled with the Commonwealth's service of

---

[6] Delaware County Local Rule of Civil Procedure 208.2(e)(1) provides:

All motions relating to discovery shall include a certificate signed by counsel for the moving party that counsel for that party has *conferred or attempted to confer with all interested parties in order to resolve the matter without Court action*, and shall set forth the nature of the efforts made to resolve the matter. Failure to comply with the foregoing shall result in the refusal of the Court to hear the motion.

(Emphasis added.)

its motions and the trial court's orders on Burnett's counsel by regular mail, led to court filings passing in the night. The letter from Burnett's counsel to the trial court, copied to counsel for the Commonwealth, in which Burnett's counsel asked the trial court to refrain from ruling on the Sanctions Motion pending Burnett's anticipated motion for an extension of time, seemingly evoked no response from either the trial court or the Commonwealth.

This speed of disposition benefitted not only the Commonwealth but also Burnett, as evidenced by the swiftness with which the trial court granted Burnett's Extension Motion, even though the trial court had already entered the Default Forfeiture Order. Without question, the entry of the Extension Order, allowing Burnett until July 22, 2016 to respond to the Commonwealth's discovery requests, was inconsistent with the Default Forfeiture Order. So, too, was the Commonwealth's acknowledged telephone call to Burnett's counsel in late July 2016, complaining that Burnett's discovery responses filed on July 22, 2016, were incomplete. Clearly, after entry of the Default Forfeiture Order, the Commonwealth did not proceed in this matter as if it had secured its ultimate relief. Indeed, the trial court's scheduling of a status conference in a case that it would later claim to be closed would suggest that the trial court, too, had doubts about the status of the matter.

Burnett's counsel is not without fault here. Clearly, he became aware of the trial court's June 7, 2016 order, granting the Commonwealth's Motion to Compel, at some point in time, but he still did not comply by submitting timely discovery responses. The Extension Motion filed on July 5, 2016, should have been filed before Burnett's discovery responses were due by trial court order, not after. Moreover, Burnett's counsel failed to append to his motion the good faith

certification required by local rule, missing yet again another opportunity for counsel to communicate with each other. Rather than assuming that the trial court's Extension Order cancelled out the Default Forfeiture Order, it would have more been prudent for Burnett's counsel to confirm his assumption promptly with the trial court. We note, however, that the Commonwealth similarly remained silent after the trial court granted the Extension Motion.

This background informs our analysis of this appeal, because, as set forth above, we review the trial court's denial of a petition to open or vacate for an abuse of discretion or error of law. Here, the trial court, in its Rule 1925(a) opinion, concludes that Burnett failed to satisfy any of the three requisites for a motion to open a default judgment. Accordingly, we consider the parties' arguments with respect to the trial court's consideration of each of these prongs.

In its Rule 1925(a) opinion, the trial court claims that Burnett did not timely file his Petition to Vacate, citing the six-month period between the entry of the Default Forfeiture Order and his filing of the Petition to Vacate. On appeal, Burnett highlights the inconsistent orders issued by the trial court, noted above. In Burnett's view, once he learned during the December status conference that the trial court considered the matter closed and that the trial court was giving primacy to the Default Forfeiture Order, Burnett filed his Petition to Vacate within 24 days thereafter. In its brief, the Commonwealth does not directly address the procedural history of this case, focusing, like the trial court, only on the period of time between the entry of the Default Forfeiture Order and the date Burnett filed his Petition to Vacate.

There is no bright-line standard upon which to evaluate the promptness of a filing to vacate a default judgment. A court must consider the length of time

9

between discovery of the entry of the judgment and the reason for delay. *Castings Condo. Ass'n v. Klein*, 663 A.2d 220, 223 (Pa. Super. 1995). Generally, a petition to open or vacate default judgment must be filed within a month in order to qualify as promptly filed. *See Flynn v. Am. W. Airlines*, 742 A.2d 695, 698 (Pa. Super. 1999) (holding filing within 24 days constitutes prompt filing); *Fink v. Gen. Accident Ins. Co.*, 594 A.2d 345, 346 (Pa. Super. 1991) (holding filing within five days constitutes prompt filing); *Alba*, 598 A.2d at 58 (holding filing within 14 days constitutes prompt filing). Conversely, delays in filings exceeding one month are typically untimely. *See U.S. Bank Nat'l Assoc. for Pa. Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1029 (Pa. Super.), *appeal denied*, 170 A.3d 973 (Pa. 2017) (holding delay of 19 months in filing not sufficiently prompt filing); *Allegheny Hydro No. 1 v. Am. Line Builders, Inc.*, 722 A.2d 189, 193 (Pa. Super. 1998) (holding delay of 41 days in filing not sufficiently prompt filing); *DiNardo v. Cent. Penn Air Servs., Inc.*, 516 A.2d 1187, 1191 (Pa. Super. 1986) (holding delay of 88 days in filing not sufficiently prompt filing).

Although it is clear from the record that a six-month period elapsed between the date of the entry of the Default Forfeiture Order and Burnett's Petition to Vacate, we nonetheless conclude that the trial court should have also considered the reason for what facially appears to be an excessive period of time—*i.e.*, the reason for the delay. Neither the trial court in its opinion nor the Commonwealth address the many irregularities that we have outlined above and on which Burnett relies in his brief on appeal. While Burnett likely received notice of the Default Forfeiture Order in early July 2016, the nearly concurrent Extension Order clearly caused confusion. Moreover, the Commonwealth thereafter continued to pursue for complete discovery responses from Burnett, despite the entry of the Default

Forfeiture Order. Apparently, all of this confusion came to a head during the December 5, 2016 status conference, because within 24 days thereafter Burnett filed the Petition to Vacate.

Ordinarily, a six-month period of time between the entry of the default judgment and petition to open or vacate would indicate a lack of prompt action. Here, the six-month period between the entry of the Default Forfeiture Order and the Petition to Vacate does not tell the whole story. In ruling on the Petition to Vacate, it was incumbent upon the trial court to examine the reasons for the six-month delay. Because it did not, the trial court erred. Based on our consideration of the unique procedural history of this matter, recounted above, we are convinced that Burnett promptly filed the Petition to Vacate.

We next consider whether Burnett asserted a defense to the merits. As to this element, the trial court opines in its Rule 1925(a) opinion that the Petition to Vacate is void of any meritorious defense to the Forfeiture Petition. Specifically, the trial court claims that Burnett failed to allege any fact to rebut the statutory presumption, then in existence, that money found in close proximity to a controlled substance is presumed to be connected to illegal drug activity. *See* 42 Pa. C.S. § 6801(a)(6)(ii) (repealed July 1, 2017).[7]

On appeal, Burnett directs the Court to his Amended Answer and New Matter, filed on July 22, 2016, and his responses to the Commonwealth's discovery

---

[7] Section 6801(a)(6)(ii) of the Judicial Code, 42 Pa. C.S. § 6801(a)(6)(ii) (repealed July 1, 2017), relating to controlled substances forfeiture, provided:

> The money and negotiable instruments found in close proximity to controlled substances possessed in violation of [t]he [Drug] Act shall be rebuttably presumed to be proceeds derived from the selling of a controlled substance in violation of [t]he [Drug] Act.

11

requests. There, Burnett alleges constitutional challenges to the seizure under the United States and Pennsylvania Constitutions. Specifically, Burnett asserted that (1) the seizure is the product of an unconstitutional search, (2) the forfeiture is barred by the Double Jeopardy clauses of the Pennsylvania and United States Constitutions,[8] and (3) the forfeiture would result in an excessive penalty in violation of the Pennsylvania and United States Constitutions.[9] (Amended Answer and New Matter ¶¶ 9-11.) Further, in his response to the Commonwealth's interrogatories, Burnett asserts that he came into possession of the money through lawful means such as casino winnings and a civil lawsuit settlement. Burnett argues that these assertions, if proven true, would rebut the presumption that the money relates to drug activity and would constitute a meritorious defense.

In response, the Commonwealth adopts the trial court's position. With respect to the defenses set forth in the Amended Answer and New Matter and interrogatory responses, the Commonwealth contends that because Burnett did not separately set them out in his Petition to Vacate, they should not be considered.

In order to assert a meritorious defense, a party must assert a defense that, if proven at trial, would entitle the party to judgment in its favor. *Reid v. Boohar*, 856 A.2d 156, 162 (Pa. Super. 2004). A party must aver facts upon which the meritorious defense is based. *Young v. Mathews Trucking Corp.*, 119 A.2d 239, 239 (Pa. 1956). Bald assertions of a meritorious defense are

_____

[8] *See* Pa. Const. art. I, § 10; U.S. Const. amend. V. The Double Jeopardy clauses of the United States and Pennsylvania Constitutions are identical, essentially providing that no person shall be twice put in jeopardy of life and limb for the same offense.

[9] *See* Pa. Const. art. I, § 13; U.S. Const. amend. VIII. These provisions, in pertinent part, prohibit the imposition of excessive fines.

insufficient to open a default judgment. *Kramer v. City of Phila.*, 229 A.2d 875, 877 (Pa. 1967).

On this element, the trial court confined its review to the allegations set forth in the Petition to Vacate. We agree with the trial court and the Commonwealth that Burnett does not allege any defense to the merits of the Forfeiture Petition in his Petition to Vacate. The trial court in this case, however, entered a default judgment as a discovery sanction, not because Burnett failed to respond to the Forfeiture Petition. Accordingly, in seeking to set aside the Default Forfeiture Order, Burnett focused not on his defenses to merits of the Forfeiture Petition but on his defenses to the merits of the Sanctions Motion, for it was the ruling on the Sanctions Motion that Burnett was seeking to undo. Specifically, he recounted the procedural irregularities and inconsistent trial court orders set forth above. Most relevant is Burnett's counsel's filing of the Extension Motion, in which he provided a reason for his inability to comply with the initial deadline for responding to discovery set in the trial court's initial June 7, 2016 order—*i.e.*, his client's ongoing incarceration. Obviously, the trial court found merit to that reason, because the trial court granted the motion and gave Burnett additional time to respond to the discovery requests. In short, we hold that Burnett, in his Petition to Vacate, provided the trial court with sufficient merit reasons for his inability to comply with the June 7, 2016 order, reasons which the trial court previously accepted by granting Burnett the relief he sought in his motion.

If we also were to consider whether Burnett has lodged a meritorious defense to the Forfeiture Petition, we would likewise conclude that because Burnett had already filed of record a response to the Forfeiture Petition, it was unnecessary, in this unique procedural context, for him to restate his merits defenses in his Petition

13

to Vacate. Again, the default judgment in this case was entered not for lack of a responsive pleading, but as a discovery sanction. Requiring Burnett to raise his defenses again within the Petition to Vacate would subject the rule governing the opening of default judgments to an overly strict interpretation, which our courts disfavor. *See Stauffer v. Hevener*, 881 A.2d 868, 871 (Pa. Super. 2005) (failure to attach entirety of previously-filed answer raising meritorious defenses to petition to open did not preclude determination that party raised meritorious defense, as opposing party had notice of anticipated defenses); *see also Boatin v. Miller*, 955 A.2d 424, 429 (Pa. Super. 2008) (failure to attach answer to petition to open excused when deciding if there existed meritorious defense).

The last element requires examination of whether the failure to file an answer is reasonably explained or excused. As noted above, this standard seems particularly relevant where a default judgment is entered for failure of the defendant to respond to a complaint, not where a default judgment is entered as a discovery sanction. Nonetheless, in applying this element, the trial court in its Rule 1925(a) opinion explains that it found Burnett's reliance on his Extension Motion to be "an unreasonable explanation or excuse for the judgment." Moreover, the trial court noted that as of the date he filed his Petition to Vacate, Burnett's counsel still had not produced the documents that he said he could not produce due to his client's incarceration. As such, the trial court found that Burnett came to the court with "unclean hands" and concluded that he did not provide a reasonable excuse for the delay. (*Id.*) For these reasons, the trial court held that Burnett did not reasonably explain his failure to respond timely to the discovery.

On appeal, Burnett's arguments largely rely on the procedural history of the case, particularly the fact that he timely responded to the Commonwealth's

discovery by July 22, 2016, as subsequently ordered by the trial court. The Commonwealth responds simply that Burnett fails to explain his "default."

Whether a party's excuse for delay in acting is legitimate, warranting relief from default judgment, is not easily answered and depends upon specific circumstances of the case. *Duckson v. Wee Wheelers*, 620 A.2d 1206, 1210 (Pa. Super. 1993). The Superior Court has held that an attorney's dilatoriness, failure to act with knowledge of the implications, or deliberate decision not to defend are inadequate reasons for his or her failure to act. *Shainline v. Alberti Builders, Inc.*, 403 A.2d 577, 581 (Pa. Super. 1979). "Conclusory statements that amount to mere allegations of negligence or mistake, absent more, will not suffice to justify a failure to [act] so as to warrant granting relief from a default judgment." *Duckson*, 620 A.2d at 1210.

Here, we believe this element, like the previous, must focus on the particular inaction by Burnett that led to the Default Forfeiture Order, that being his failure to comply with the trial court's June 7, 2016 order, granting the Commonwealth's Motion to Compel. Whether Burnett's ultimately filed responses to the Commonwealth's discovery were deficient in some respect seems to us to be off point.[10] As noted above, Burnett notified the trial court by way of his Extension Motion that he could not comply with the June 7, 2016 order due to his incarceration. The explanation was apparently sufficient for the trial court because it granted the motion in a July 5, 2016 order. We fail to see how the trial court could find this explanation adequate justification for the delay, but unreasonable and thus

---

[10] We note the absence of any motion of record by the Commonwealth contesting the completeness of Burnett's responses to the Commonwealth's discovery requests. In the absence of such a motion, let alone any advocacy or evidence by the parties on the issue, we fail to see how the trial court could reach a conclusion on that question in the context of the Petition to Vacate.

15

inadequate in its Rule 1925(a) opinion. We must correct this inconsistency on appeal.

Based on our discussion above, we find sufficient error by the trial court below in its evaluation of the merits of Burnett's Petition to Vacate to reverse. Though not perfectly tailored to the circumstances of the particular default judgment at issue in this case, we are convinced that Burnett satisfied all of the elements to vacate or open a default judgment, largely based on the unique procedural irregularities and miscommunication detailed above. For these reasons, we reverse the trial court's January 19, 2017 order, denying Burnett's Petition to Vacate.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 270 C.D. 2017 |
| | : | |
| Thirty-Eight Thousand Three | : | |
| Hundred and Thirty Dollars | : | |
| U.S. Currency ($38,330.00) | : | |
| | : | |
| Appeal of:  Alexander Burnett | : | |

## **O R D E R**

AND NOW, this 29th day of January, 2019, the order of the Court of Common Pleas of Delaware County, dated January 19, 2017, is REVERSED.

 

 

 
P. KEVIN BROBSON, Judge